ELLIS v. WHITE ET AL.

1. **Former adjudication:** AUTHORITY OF ATTORNEY: EVIDENCE TO IMPEACH. Where a divorce proceeding was prosecuted by an attorney appearing for the plaintiff therein, and a decree of divorce was afterwards entered, such decree cannot be disregarded in a collateral action, on the ground that the attorney had no authority from the plaintiff to prosecute the divorce, and that she had no knowledge of the proceedings, unless these facts are made to appear by clear and satisfactory evidence, which is not done in this case.

2. **Divorce:** WANT OF JURISDICTION: PLAINTIFF ESTOPPED. Where plaintiff procured a divorce and alimony upon a petition which she now claims did not give the court jurisdiction to render the decree, *held* that, whether the court had or had not jurisdiction, she cannot now, having accepted the benefits of the decree, be heard to question the jurisdiction of the court to render it.

3. ———: VERIFICATION OF PETITION: JURISDICTION. A defect in the verification of a petition for divorce does not defeat the jurisdiction of the court. See *McCraney v. McCraney*, 5 Iowa, 232.

4. ———: INSANITY OF PLAINTIFF: EVIDENCE NOT ESTABLISHING. The evidence in this case considered, and *held* not to sustain the position that plaintiff was insane when her divorce was prosecuted.

*Appeal from Marion District Court.*

TUESDAY, OCTOBER 16.

ACTION to partition certain lands, the plaintiff claiming a dower interest therein. There was a decree establishing plaintiff's right and title to an undivided one-third of the lands. The defendants appeal. The facts of the case are fully stated in the opinion of the court.

*Anderson & Kinkead* and *A. B. Miller*, for appellants.

*Stone, Ayers & Co.*, for appellee.

BECK, J.—I. The plaintiff in her petition claims dower in the lands in question as the widow of William Ellis, to whom she was married in 1837, and who died in 1876.

The defendants in their answer allege that in 1855 the plaintiff prosecuted against defendant a proceeding for a divorce and alimony, in the district court of Marion county, and a decree of divorce was had therein, and alimony to the amount of $600 was allowed to plaintiff; that subsequently Ellis conveyed the lands, which are situated in Marion county, to the grantor of the defendants, by deed of warranty, who by a like deed conveyed the property to defendants. It is shown that the amount allowed as alimony was paid by Ellis to the attorney of plaintiff, who prosecuted the action, and that she had full notice of all the procedings, and received the money allowed her. The defendants further allege that, at the time of and prior to these proceedings, Ellis lived in Marion county.

The plaintiff, in reply, alleges that the divorce proceedings were prosecuted without her knowledge, and without process or notice served upon her, and that she never authorized the attorney appearing for her in the action to institute and prosecute it. She denies the receipt of any sum as alimony in the case. She pleads that the proceedings are void for want of jurisdiction of the court in which they were prosecuted.

II. The determination of the case rests upon the validity of the divorce proceedings. If the court had jurisdiction, the decree cuts off plaintiff's right of dower. Our attention need only be directed to the question of the validity of the decree divorcing plaintiff from her husband, William Ellis. Plaintiff testifies that she never gave the attorney who prosecuted the suit in her name, J. E. Neal, authority to appear for her; that she had no knowledge of the proceedings until within about a year prior to the commencement of the suit, and that she received no part of the sum collected as alimony. She admits having received one letter from Neal, but does not remember its contents, and at one time had an interview with him, or another person, in which she was advised to procure a divorce. On the other hand, Neal testifies that he did have authority from plaintiff by letter to prosecute this suit, and produces a receipt signed

1. FORMER adjudication: authority of attorney: evidence to impeach.

by her for $240, being the balance due her upon the decree allowing alimony, which was collected by Neal and, as he says, paid to her.   She does not deny or attempt to impeach this receipt, further than her declaration in a deposition, taken before the receipt was offered in evidence, that she never received money from Neal or others, as money collected upon the decree for alimony.   Neal's testimony, with this corroboration, outweighs plaintiff's evidence, which falls far short of making the clear and satisfactory case required in order to defeat and set aside a solemn record of an adjudication of a court.   There could be but little reliance upon decrees and judgments of the courts if, after nearly thirty years, they could be disregarded, upon the simple denial of the party interested, that he authorized an attorney to appear for him; and if a decree is to be disregarded when the attorney testifies to his authority, and produces a writing signed by his client showing a ratification of his act in appearing, it would indeed be but a frail and uncertain thing.   Upon evidence of the character introduced in this case, the record of a court cannot be defeated.   Our conclusions upon this point are based upon familiar and elementary principles of the law, and do not demand the citation of authorities in their support.

III.  It is shown that, when the divorce proceedings were had, plaintiff was a resident of the state of New York. The petition in the divorce case fails to show that plaintiff had been a resident of this state for six months before the action was commenced, as was required by the statute then in force.   It is insisted that the court, for this reason, did not acquire jurisdiction of the case. Without deciding whether a failure to plead and show the residence of the plaintiff within the state would defeat the court's jurisdiction, we are clearly of the opinion that plaintiff cannot take advantage of the defect.   She authorized her attorney to prosecute the case, and received the money allowed her by the decree.   She is estopped now to insist on the want of jurisdiction of the court.   After she has enjoyed the bene-

2. DIVORCE: want of jurisdiction: plaintiff estopped.

fits she sought and gained from the decree, she will not be heard to claim that it is void for want of jurisdiction.

IV. The petition in the divorce case was not verified by plaintiff, but was sworn to by her attorney. This is not a jurisdictional defect. *McCraney v. Mc-Craney*, 5 Iowa, 232. It cannot, therefore, be urged in this collateral action.

3. ——: verification of petition: jurisdiction.

V. It is insisted that plaintiff was insane when the divorce proceedings were pending. The evidence fails to support this position. It appears that she was an inmate of an insane asylum for nearly two years prior to June 24, 1851, when she was discharged in an improved condition, but not well. These facts are shown by a copy of the records of the asylum. There is no other evidence upon the question of her insanity. The action was commenced nearly four years after her discharge from the asylum. It is not shown that she was at the time, or ever had been, under guardianship as an insane person, or that she was judicially determined to be insane, and it is shown by the testimony of Neal that she corresponded with him during the pendency of the divorce case as a sane person. There is no evidence authorizing the conclusion that, by reason of insanity, she was incompetent to prosecute the proceedings for a divorce.

4. ——: insanity of plaintiff: evidence not establishing.

The foregoing discussion disposes of all questions raised in the case. It is our conclusion that plaintiff's petition ought to be dismissed.

REVERSED.