## STEWART *v.* STEWART.

[No. 4,028. Filed February 19, 1902.]

DIVORCE.—*Allowance.*—*New Trial.*—*Appeal and Error.*—The granting of an allowance to the wife under § 1054 Burns 1901 in a suit for divorce is not a cause for a new trial, but is the subject of an independent assignment of error on appeal. *p. 379.*

NEW TRIAL.—*Appeal and Error.*—The ruling of the court on a question affecting its jurisdiction is not a cause for a new trial. *p. 380.*

DIVORCE.—*Affidavit as to Residence.*—*Complaint.*—A complaint for divorce properly sworn to, containing also the matter required by § 1043 Burns 1901 in an affidavit as to the residence of the plaintiff may serve the purpose of a complaint and the required affidavit as to residence. *pp. 380–382.*

SAME.—*Allowance to Wife.*—*Abuse of Discretion.*—*Appeal and Error.*— To warrant the reversal of a judgment for divorce on account of the abuse of discretion of the court in making an allowance to the wife pending the litigation, the abuse of discretion must clearly appear. *p. 382.*

TRIAL.—*Separation of Witnesses.*—*Disobedience of Order of Court.*— *Appeal and Error.*—Available error cannot be predicated upon the action of the court in permitting a witness to testify who was present during the trial and listened to the testimony of other witnesses, after an order had been made for a separation of the witnesses, where it is not shown that the party in whose favor he testified was responsible for the disobedience of the order of the court. *pp. 382, 383.*

SAME.—*Evidence.*—*Admission after Argument.*—A cause will not be reversed because of the action of the court in admitting evidence of the residence of plaintiff, and other testimony, in a divorce proceeding, after the argument of counsel, where the court gave defendant the opportunity to rebut any of the testimony given. *p. 383.*

From Marion Circuit Court; *H. C. Allen*, Judge.

Suit by Ida M. Stewart against Lewis C. Stewart for divorce. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Pierce Norton*, for appellant.

*W. J. Beckett*, for appellee.

COMSTOCK, C. J.—This cause was transferred from the Supreme Court. Action for divorce. Appellee was plaintiff below. Issues were formed, the case tried and decree rendered in favor of appellee. The errors assigned are: (1) That the court erred "in overruling appellant's motion for a new trial on allowance made to appellee." (2) In overruling appellant's motion for a new trial.

The first specification of error presents no question. The allowance complained of is an interlocutory one which the court was authorized, under §1054 Burns 1901, §1042 R. S. 1881, to make, and from which a right of appeal is given. The appeal may be taken directly from the order making the allowance, or the action of the court granting or refusing the allowance may be reviewed on an appeal from final judgment. *Traylor* v. *Richardson*, 2 Ind. App. 452, and authorities cited. The making of such order is not a cause for a new trial. It is the subject of an independent assignment of error. A trial is a judicial examination of the issues. *Fisk* v. *Baker*, 47 Ind. 534; *Tyler* v. *Bowlus*,

54 Ind. 333; *Tibbets* v. *O'Connell*, 66 Ind. 171. The granting of an allowance in a suit for divorce is not an examination of the issues involved, is not a trial.

Counsel for appellant insists that the trial court erred in overruling his motion to set aside the issuing of summons, and the service thereof, and to dismiss the complaint, for the reason that the plaintiff did not file with the complaint, with the clerk of the court, an affidavit subscribed and sworn to by herself stating the length of time she had been a resident of the State, as provided in §1043 Burns 1901, §1031 R. S. 1881. The question is presented only by motion for new trial, and goes to the jurisdiction of the trial court. In *Tyler* v. *Bowlus*, 54 Ind. 333, it is expressly held that the ruling of the court upon such motion is not a cause for a new trial. But for the consideration of this case, conceding that the question is properly presented, we are of the opinion that there is a substantial compliance with the statute. The language of the complaint is as to residence "That the plaintiff is now and has been for more than two years last past a *bona fide* resident of the State of Indiana, and for more than six months last past a *bona fide* resident of the county of Marion, in said State, and has lived for more than two years last past in the city of Indianapolis, Indiana, and that her occupation is that of housewife. The complaint is sworn to before the clerk of the Marion Circuit Court. Counsel for appellant also cite *Eastes* v. *Eastes*, 79 Ind. 363.

The position of appellant is founded upon the proposition that the practice in divorce cases is controlled by the divorce act and not by the general practice act. In the case last cited appellant's counsel contended that the summons should have been quashed and the suit dismissed. (1) Because the affidavit filed with appellee's complaint was sworn to before a notary public and not before the clerk of the circuit court as contemplated by the statute. (2) Because said affidavit was dated on April 27, 1879, nearly six

months prior to the date of the filing of the complaint and affidavit. (3) Because there was no affidavit filed with appellee's complaint showing that she was a resident of Hendricks county, Indiana, at the time she commenced the suit. In the course of the opinion the court stated that these provisions of the statute were mandatory, and that they were so far imperative as that there should be in every case a substantial compliance with their requirements. The court further said that "manifestly the legislative intent in the enactment of this provision was to limit the operation of the statute to *bona fide* residents of the State, and to restrain and prevent the procurement of divorce by non-residents through fraud or imposition practiced on the courts. Such substantial compliance with the terms of the statute as may be necessary to carry out and accomplish the purpose and intention of the legislature, the courts should encourage and require; but we fail to see that any good result would or could be accomplished by giving these statutory provisions the rigid construction which the appellant's counsel insists should be placed upon them." In *Brown* v. *Brown*, 138 Ind. 257, the petition was sworn to before a justice of the peace. The Supreme Court held that such oath might be taken before any officer authorized to administer oaths. In the case at bar, the purpose of the statute is accomplished by the statements of the complaint, verified, heretofore set out, as to the residence of the petitioner. The separate affidavit could do no more than does the complaint verified by the petitioner. In an action of replevin, where an immediate delivery of the property is sought, the statute requires an affidavit to be made stating certain facts. It has been held that in such an action, a complaint which contains all the statutory requisites, and is verified by the oath of the plaintiff, or of some one in his behalf, will be sufficient both as an affidavit and complaint. *Louisville, etc., R. Co.* v. *Payne*, 103 Ind. 183, and cases cited. It has been held that a complaint containing, also, what is required in an affida-

vit for attachment, if sworn to, may subserve the purposes of a complaint and the required affidavit for attachment. *Fremont Cultivator Co.* v. *Fulton*, 103 Ind. 393. We see no reason why the same rule should not apply to a complaint for divorce.

Upon application of the plaintiff the court made an order requiring the defendant to pay to the clerk of the trial court for the use of the plaintiff the sum of $25 by the first day of July, 1900, and $25 monthly thereafter, during the pendency of the suit, or until the further order of the court. This action is made the fourth reason for a new trial. As heretofore shown it is not a cause for a new trial. The authority of the trial court to make, in divorce cases, an allowance in favor of the wife, pending litigation, subject to be reviewed for an abuse of discretion, is so well recognized that it need only to be mentioned here. Discretion is defined as deliberate judgment: "The abuse of discretion, to justify an interference with the exercise of discretionary power, implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." Anderson's Law Dict. It does not appear from the record that either of these conditions influenced the action of the court complained of. To warrant the reversal of a judgment for such reason the abuse of discretion must clearly appear. We are not prepared to hold, if the question was properly presented, that such abuse appears from the record.

The action of the court in permitting plaintiff to give oral testimony in support of her application for alimony, after having supported her application by affidavit, is made the fifth reason for a new trial. While this is not a reason for a new trial, we see no error in the ruling.

The court permitted one Charles Brailey, a witness for the plaintiff, who was present during the trial, and listened to the testimony of other witnesses, after an order had been made for a separation of the witnesses, to testify. This is

made a reason for a new trial.  We are not referred in the brief of counsel to the page of record where the testimony of this witness may be found.  His name does not appear in any index of the record.  No showing is made that appellee was responsible for the disobedience of the order of the court.  A party who is without fault will not be deprived of the testimony of a witness because such witness disobeyed an order of the court directing the witnesses to separate. *State ex rel.* v. *David,* 25 Ind. App. 297, and authorities cited.

It is claimed that the court erred in permitting plaintiff to introduce evidence, after the evidence had been heard and argument of counsel thereon, and in admitting evidence of residence of the appellee and other testimony at such time.  This was within the sound discretion of the court. *Holmes* v. *Hinkle,* 63 Ind. 518.  The court at the time informed the defendant that he could have time if he desired to rebut any of the above testimony, he declined to introduce evidence in rebuttal.  Appellant was not therefore by this action deprived of any right.

This disposes of all the questions argued by appellant. Those not argued are waived.  We find no error for which the judgment should be reversed.

Judgment affirmed.