## WILLS *v.* WILLS.

[No. 21,992.   Filed December 13, 1911.]

1. DIVORCE.—*Statute.—Affidavit of Residence.—Complaint.—Dismissal.*—Section 1066 Burns 1908, §1031 R. S. 1881, providing that the plaintiff in a divorce suit shall, with his petition, "file with the clerk of the court an affidavit" giving his place or places of residence within the past two years, is mandatory; and the failure to file such affidavit with the complaint renders the subsequent decree granting a divorce reversible, and requires a dismissal of the cause.   p. 632.

2. JUDGMENT.—*Correction.—Nunc pro tunc Entries.—Evidence.*—A judgment in a cause not *in fieri* can be corrected only upon evidence of some memorial, memorandum, or other minute in writing, and not by oral testimony in the form of affidavits or otherwise. p. 634.

3. PLEADING. — *Lost. — Reinstating. — Complaint.* — Under §1291 Burns 1908, §1233 R. S. 1881, authorizing the reinstatement of any paper in any judicial proceeding by the filing of a complaint showing "the loss or destruction of such paper, and that a certified copy thereof cannot be obtained by the party or person making such application," a complaint failing to show that a certified copy of such paper cannot be obtained is insufficient   p. 635.

From Boone Circuit Court; *Willet H. Parr,* Judge.

Suit by John E. Wills against Fannie Wills. From a decree for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Reversed.*

*Terhune & Adney* and *Blacklidge, Wolf & Barnes,* for appellant.

*Shelby & Worley,* for appellee.

MONKS, J.—Appellee brought this suit against appellant to obtain a divorce, alleging facts which appellee claims constitute cruel and inhuman treatment. The complaint was in one paragraph, and was answered by a general denial. A trial of the cause resulted in a finding for appellee, and a judgment granting him a divorce. A motion for a new trial was overruled.

Appellant claims that as the transcript does not show that appellee, with his petition, filed with the clerk of the court below "an affidavit signed and sworn to by himself,

1. stating particularly the place, town, city or township in which he has been a resident for the last two years past and stating his occupation," as required by §1066 Burns 1908, §1031 R. S. 1881, the court below had no jurisdiction to hear the case, and the judgment must be reversed. The part of said section relied upon reads as follows: "And the plaintiff shall, with his petition, file with the clerk of the court an affidavit subscribed and sworn to by himself, in which he shall state the length of time he has been a resident of the State, and stating particularly the place, town, city or township in which he has resided for the last two years past, and stating his occupation, which shall be sworn to before the clerk of the court in which said complaint is filed."

It was the legislative intent in the enactment of said provisions to limit the operation of the statute to *bona fide* residents of the State, and to prevent nonresident persons from procuring divorces through fraud or imposition practiced upon the court. The affidavit required by said section was

intended for the good of the public at large, and not for the convenience or benefit of the parties to the suit.

Said §1066 also provides that a "divorce may be decreed by the superior and circuit courts of this State, on petition filed by any person who, at the time of the filing of such petition, is and shall have been a *bona fide* resident of the State for the last two years previous to the filing of the same, and a *bona fide* resident of the county at the time of and for at least six months immediately preceding the filing of such petition; which *bona fide* residence shall be duly proven by such petitioner, to the satisfaction of the court trying the same, by at least two witnesses who are resident freeholders and householders of the State."

It has been held by this court that the requirement in said section, that the *bona fide* residence of the petitioner shall be proved by at least two witnesses who are resident freeholders and householders of the State, is mandatory. *Driver* v. *Driver* (1899), 153 Ind. 88, and cases cited; *Prettyman* v. *Prettyman* (1890), 125 Ind. 149.

In the case last cited, this court said on page 150: "A mandatory provision of the statute, which requires proof by witnesses who possess special qualifications, cannot be satisfied or set aside by a tacit agreement or admission of the defendant, nor in any other manner. There must be actual proof to the satisfaction of the court by witnesses possessing the statutory qualifications. This is the positive requirement of a statute which was enacted to prevent nonresidents of the State, over whose marital status our courts can acquire no jurisdiction, from obtaining fraudulent divorces. In every divorce suit the State, for the enforcement of its policy concerning the marital relation, constitutes the third party, and no admission can be made by the other parties which will affect the public interest."

In the case of *Eastes* v. *Eastes* (1881), 79 Ind. 363, 368, this court held that the provision of said section, requiring the filing of said affidavit, was mandatory.

It has been held in other jurisdictions that the provisions of statutes requiring the verification of pleadings and the filing of affidavits in divorce cases are mandatory, and cannot be waived by any act of the defendant, and the affidavit must contain all the things required by the statute. *Hinkle* v. *Lovelace* (1907), 204 Mo. 208, 102 S. W. 1015, 11 L. R. A. (N. S.) 730 and cases cited, 120 Am. St. 698; *Ayres* v. *Gartner* (1892), 90 Mich. 381, 51 N. W. 461; *Nichols* v. *Nichols* (1901), 128 N. C. 108, 38 S. E. 296; *Hopkins* v. *Hopkins* (1903), 132 N. C. 22, 24, 43 S. E. 508; *Martin* v. *Martin* (1902), 130 N. C. 27, 40 S. E. 822; *Halloman* v. *Halloman* (1900), 127 N. C. 15, 37 S. E. 68; *Clark* v. *Clark* (1903), 133 N. C. 28, 30, 45 S. E. 342; *Kinney* v. *Kinney* (1908), 149 N. C. 321, 325, 63 S. E. 97; *Johnson* v. *Johnson* (1906), 142 N. C. 462, 55 S. E. 341; *Rayl* v. *Rayl* (1900), 64 S. W. (Tenn. Ch. App.) 309; *DeArmond* v. *DeArmond* (1892), 92 Tenn. 40, 20 S. W. 422. See, also, *Rumping* v. *Rumping* (1907), 36 Mont. 39, 12 L. R. A. 1197 and note.

It is evident that where it is not shown by the transcript on appeal that an affidavit of the petitioner was filed as required by §1066, *supra,* the cause must be reversed.

If this were a collateral instead of a direct attack upon the judgment, we would have a different question.

After the appeal of this cause was perfected, appellee commenced a proceeding in the court below to procure a *nunc pro tunc* entry, showing that appellee filed with his

2.   petition for a divorce in the court below an affidavit, in all respects in compliance with the requirements of §1066, *supra.* Notice thereof was given to appellant, who appeared and contested said proceeding. The cause was heard by the court, and judgment *nunc pro tunc* was rendered, showing that an affidavit, as required by said section, was filed by appellee, a copy of which affidavit was set forth in said judgment. This judgment *nunc pro tunc* was rendered long after said divorce case had ceased to be *in fieri,* and, as shown by the bill of exceptions, without any proof

by memorial, memorandum, entry or writing of any kind in the case on which to base it. Moreover, the bill of exceptions shows that no evidence was given to sustain such motion for a judgment *nunc pro tunc.* It has been held uniformly by this court that after a proceeding has ceased to be *in fieri* the record can only be corrected by some memorial, memorandum, record or other minute or writing made in the case, and not by oral testimony, in the form of affidavits or otherwise. *Driver* v. *Driver, supra,* and cases cited; *McCaslin* v. *Advance Mfg. Co.* (1900), 155 Ind. 298. It follows that the court erred in rendering said judgment *nunc pro tunc,* and it must be reversed.

Afterward appellee commenced a proceeding under the act of 1881) §§1290-1299 Burns 1908, §§1232-1241 R. S. 1881), to have said affidavit reinstated, on the ground that

3. it had been lost or destroyed. Notice of this proceeding was given to appellant. Appellant appeared and filed a demurrer to the complaint for want of facts, which was overruled, to which appellant excepted. Thereafter such proceedings were had that the court rendered judgment reinstating said affidavit.

On application of appellee a writ of *certiorari* was issued, requiring the clerk of the court below to make out and certify a full and complete transcript of the papers and entries in said two proceedings in the court below. This has been done by said clerk, and said transcript is on file in this court as a part of this appeal. *Aetna Life Ins. Co.* v. *Sellers* (1900), 154 Ind. 374.

Appellant first insists that the court below erred in overruling her demurrer to the complaint to reinstate said affidavit. The proceeding was based on §1291 Burns 1908, §1233 R. S. 1881, which authorizes the reinstatement of any paper or part thereof, in any judicial proceeding, that has been lost or destroyed, when any person interested therein files his complaint in the court to which it belonged, or which has jurisdiction over or control thereof, showing in such com-

plaint "the loss or destruction of such paper, and that a certified copy thereof cannot be obtained by the party or person making such application," etc. It is well settled that when any person seeks to obtain the benefit of a statute he must, by averment and proof, bring himself within its provisions. *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 96, 102 Am. St. 185, and cases cited. It is not shown in appellee's complaint to reinstate said affidavit under §1291, *supra*, that a certified copy thereof could not be obtained by appellee. The complaint was therefore insufficient, and the court erred in overruling appellant's demurrer to it. For this reason the judgment reinstating said affidavit must be reversed.

. The judgments rendered in the proceedings brought since this appeal was perfected are reversed. The efforts to correct the record by bringing in what is claimed to be a correct copy of the affidavit filed by appellee with his petition for divorce being ineffectual, the judgment in the proceedings for divorce is reversed, with instructions to dismiss said proceeding.