HOFFMAN *v.* HOFFMAN.

[No. 9,513. Filed March 20, 1918.]

1. DIVORCE.—*Actions.*—*Residence Affidavit.*—*Requirements.*—*Statute.*—Section 1066 Burns 1914, §1031 R. S. 1881, requiring that plaintiff in an action for divorce shall, with his petition, file an

affidavit subscribed and sworn to by himself, stating the length of time he has been a resident in the state, and stating particularly the place, town, city or township 'in which he has resided for the last two years past, and' stating his occupation, is mandatory and must be substantially complied with, and an affidavit filed with a divorce complaint reciting that affiant was the plaintiff, that he had been a resident of the State of Indiana for more than five years last past and for more than six months last past had resided in a named city at a specified address, and that he was by occupation an asssembler, did not substantially comply with the requirements of the statute. p. 232.

2. DIVORCE.—*Actions.—Residence Affidavit.—Necessity.*—As the affidavit as to plaintiff's residence, required by §1066 Burns 1914, §1031 R. S. 1881, to be filed in an action for divorce, is made a prerequisite by the statute to the right of divorce, a decree based on an insufficient affidavit is contrary to law and must be set aside. p. 237.

From Fayette Circuit Court; *P. W. Bartholomew,* Special Judge.

Action by George D. Hoffman against Dessie D. Hoffman. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Kiplinger & Smith, Megee & Ross* and *McKee, Wiles & Elliot,* for appellant.

*G. Edwin Johnston,* for appellee.

HOTTEL, J.—This is an appeal by appellant from a judgment against her in which appellee was granted a divorce and the custody of their minor child. Appellant filed a motion for a new trial, which was overruled, and this ruling is assigned as error. The grounds of said motion relied on for reversal are those which respectively challenge the decision of the trial court as being contrary to law, and as not being sustained by sufficient evidence.

In support of her contention that the decision is contrary to law, it is urged that the trial court was

without jurisdiction of the case "because proper affidavit was not filed with the complaint." Said affidavit, omitting caption, is as follows:

"George D. Hoffman being duly sworn upon his oath says:

"That he is the plaintiff in the above entitled cause of action; that he has been a resident of the State of Indiana for more than five years last past, and for more than six months last past he has been a resident of the city of Connersville, County of Fayette, State of Indiana, and has, during said time, resided at the following named places, to wit: No. 907 Eastern Avenue, in said city of Connersville; that he is by occupation an assembler."

The statute which makes the filing of an affidavit necessary in such cases is §1066 Burns 1914, §1031 R. S. 1881. The part thereof affecting the question involved is as follows: "And the plaintiff shall, with his petition, file with the clerk of the court an affidavit subscribed and sworn to by himself, in which he shall state the length of time he has been a resident in the state, and stating particularly the place, town, city or township in which he has resided for the last two years past, and stating his occupation, which shall be sworn to before the clerk of the court in which his complaint is filed."

It is claimed that the affidavit, *supra,* is insufficient because of its failure to set out all the essentials of this statute. Among the omissions pointed out and urged by appellant is the following: "It does not state particularly the place, town, city or township in

which appellee has resided for two years immediately preceding the filing of his complaint.''

It will be observed that the only attempt in said affidavit to state with particularity the place of appellee's residence is for the *six months* next preceding the filing of his affidavit. The affidavit shows nothing as to his residence for the preceding eighteen months of the said *two years* other than the general statement showing his residence in the state for more than five years. It is well settled that said statute is mandatory, that it must be substantially complied with, and that the affidavit provided for therein *must contain all the things required by such statute. Smith* v. *Smith* (1916), 185 Ind. 75, 113 N. E. 296, 297; *Wills* v. *Wills* (1911), 176 Ind. 631, 633, 96 N. E. 763, and cases there cited; *Miller* v. *Miller* (1913), 55 Ind. App. 644, 104 N. E. 588. It is conceded by appellee that said statute is mandatory, but it is insisted in effect that a substantial compliance with its requirements is all that is contemplated, and that when the purpose and intent of the statute is looked to, it will be seen that the affidavit, *supra,* contains the substance of all that the statute requires. In support of this contention appellee cites and relies on *Maxwell* v. *Maxwell* (1876), 53 Ind. 363; *Blauser* v. *Blauser* (1909), 44 Ind. App. 117, 87 N. E. 152; *Eastes* v. *Eastes* (1881), 79 Ind. 363, 369; *Wills* v. *Wills, supra; Brown* v. *Brown* (1894), 138 Ind. 257, 37 N. E. 142; *Miller* v. *Miller, supra.*

The cases cited recognize the legal propositions involved in appellee's contention, but they by no means support the ultimate conclusion which he seeks to have drawn therefrom; that is to say, the cases cited in effect hold that a substantial compliance with

the statute, *supra,* will satisfy its requirements, and that in determining what constitutes such compliance therewith the purpose and end to be accomplished by the statute should have influence; but there is nothing in either of the cases cited, or in any other case that we have examined, that will justify a conclusion either that the courts have ever "relaxed the requirement of the statute," or that the affidavit under consideration meets such requirements.

In the case last cited this court had before it the question now being considered. It recognized the rules above indicated, viz., that substantial compliance with said statute is sufficient, and that in determining whether there had been such compliance it is proper to look to the intent of the act. In this connection, it quotes with approval from the case of *Eastes* v. *Eastes, supra,* as follows: "Manifestly, the legislative intent in the enactment of these provisions was to limit the operation of the statute to *bona fide* residents of the State, and to restrain and prevent the procurement of divorces by nonresidents, through fraud or imposition practiced on the courts."

In the case there under consideration there was no affidavit, but the complaint itself was sworn to, and the court, following the case of *Stewart* v. *Stewart* (1901), 28 Ind. App. 378, 62 N. E. 1023, held that the statute was complied with if the complaint, in addition to the averments necessary to the statement of the cause of action, contained the additional averments required by the staute to be contained in said affidavit. The question whether the complaint contained such additional averments is then discussed, and the court expressly recognized the three essentials of the statute, viz.: (1) The statement of

the length of time the plaintiff has resided in the state; (2) the necessity for stating particularly the place, town, city or township in which he has resided for the past *two years;* and (3) the statement of his occupation. The court then holds that the complaint contains by way of general averment the equivalent of the first and third essentials, *supra,* but that it contains no general averment as to the town, city or township in which the plaintiff resided during the two years immediately preceding the filing of the complaint. The court then at length and in detail set out certain specific facts shown by such complaint for the purpose of showing that such specific facts were the equivalent of the general averment required by the statute, thereby, in effect, holding that such general statement or its equivalent is one of the things made essential by said statute. This case, instead of supporting appellee's contention in the case at bar, impliedly, if not expressly, holds the contrary. True, in the instant case, the appellee stated particularly his residence for six months immediately prior to the making of the affidavit, but this is not a compliance with either the letter or the spirit of a statute requiring that such residence be stated with particularity for the two years next preceding the filing of such affidavit. This is especially so when we look to the legislative intent in the enactment of such provision, and appellee concedes that such intent should be looked to.

The purpose and intent of the statute being as above indicated, viz., to limit its operation to *bona fide* residents of the state, and to prevent the procurement of divorces by nonresidents through fraud or imposition practiced on the courts, it places upon the plaintiff in such cases the duty of stating particularly the place of his residence as therein pro-

vided for the full period of two years, so that the state may be placed in the possession of the facts from which it may protect itself against the fraud or imposition indicated.

The statute requires a residence in the county for six months and in the state for two years. These facts are jurisdictional and must be alleged in the complaint and proved upon the trial. The affidavit required to be filed with the complaint as above indicated was intended to furnish the state the means of ascertaining whether such jurisdictional facts, required to be alleged and proved, were in fact true. The affidavit here involved complied with the statute to the extent that it particularly stated appellee's place of residence for the six months preceding the filing thereof, and hence furnished the state the means of ascertaining whether the appellee had resided in the county the required six months, but it wholly failed to state the facts required by the statute which would have furnished the state the means of ascertaining whether he had been a *bona fide* resident of the state for *two years*. The latter requirement is just as essential and just as much a part of the statute as is the first, and no good reason could be given for the omission of either that would not equally apply to the other, and to hold that either may be ignored would render that provision of the statute requiring the plaintiff to state particularly his place of residence for the two years next preceding the institution of his suit for divorce a nullity. We therefore conclude that the affidavit, *supra*, was not sufficient in the respect indicated.

The filing of said affidavit is by said statute made a prerequisite or condition precedent to the right of

divorce, and hence any decree of divorce made
2. without it or with one that fails to contain the
essentials of the statute is contrary to law.
*Fairbanks* v. *Warrum* (1913), 56 Ind. App. 337, 345,
351, 104 N. E. 983, 1141; *Equitable, etc., Ins. Co.* v.
*Stout* (1893), 135 Ind. 444, 457, 33 N. E. 623.

Other objections are made to said affidavit, but our
conclusion as to that just considered makes considera-
tion of the others unnecessary.

It is also contended that the appellee failed to meet
the requirements of §1066, *supra,* in that he failed to
prove by two resident householders and freeholders
of the state that he was a *bona fide* resident of the
state and county at the time of the filing of his com-
plaint, for the respective periods required by the
statute; but as the judgment must be reversed and
a new trial ordered for the reason already indicated,
no good purpose can be served by a determination
of any question involving the sufficiency of the evi-
dence. In any event, the evidence in all probability
will be supplemented in said respect at another trial.

For the reasons indicated, the judgment below is
reversed, with instructions to the trial court to grant
a new trial and permit appellee to file an amended
affidavit, if he so desires, and for such other proceed-
ings as may be consistent with this opinion.

NOTE.—Reported in 119 N. E. 18. Divorce: necessity of alleging
jurisdictional residence in proceeding, 12 L. R. A. (N. S.) 1197. See
under (1, 2) 14 Cyc 663.