## FOREMAN v. FOREMAN.

[No. 10,769.   Filed June 9, 1921.]

1. DIVORCE.—*Jurisdiction.*—*Affidavit of Residence.*—*Statute.*— The provision of §1066 Burns 1914, §1031 R. S. 1881, requiring plaintiff in a divorce action to file an affidavit as to residence and occupation, is mandatory, and, where plaintiff fails to file such affidavit the court acquires no jurisdiction of the cause,

and has no power to grant a divorce either to plaintiff on his complaint, regardless of the evidence as to his residence, or to defendant on her cross-complaint since the proceeding is without authority of the law *ab initio.*  p. 84.

2.  APPEAL.—*Void Judgment.—Jurisdiction of Court on Appeal.* Where a court enters a judgment which is void for want of jurisdiction, the court on appeal may assume jurisdiction for the purpose of setting the judgment aside.  p. 85.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by Raymond Foreman against Mary Foreman, in which defendant filed a cross-complaint. Plaintiff dismissed his complaint. From a denial of divorce on her cross-complaint, defendant appeals. *Reversed.*

*A. L. Sharpe, Abram Simmons* and *Charles G. Dailey,* for appellant.

*Theodore V. Harsh* and *George Mock,* for appellee.

BATMAN, J.—Complaint by appellee and cross-complaint by appellant for divorce, each answered by a general denial. Cause submitted for trial, resulting in appellee dismissing his complaint, and a denial of a divorce to appellant on her cross-complaint. Judgment was rendered accordingly. Section 1066 Burns 1914, §1031 R. S. 1881, relates to the residence of the plaintiff in a divorce proceeding, and makes, among others, the following provision: "And the plaintiff shall, with his petition, file with the clerk of the court an affidavit subscribed and sworn to by himself, in which he shall state the length of time he has been a resident of the state, and stating particularly the place, town, city or township in which he has resided for the last two years past, and stating his occupation, which shall be sworn to before the clerk of the court in which said complaint is filed." It has been held that this provision of the statute is mandatory, and without it the court acquires no jurisdiction of the

cause. *Wills* v. *Wills* (1911), 176 Ind. 631, 96 N. E. 763; *Smith* v. *Smith* (1916), 185 Ind. 75, 113 N. E. 296; *Hoffman* v. *Hoffman* (1918), 67 Ind. App. 230, 119 N. E. 18. An examination of the record in this case fails to disclose that appellee filed such an affidavit with his petition, and therefore the court was without authority to grant him a divorce, no matter what evidence in support of his residence he might have offered on the trial of the cause. The court was likewise without authority to grant appellant a divorce on her cross-complaint for the reason that appellee having failed to take a step necessary to confer jurisdiction on the court, the proceeding was without authority of law from the beginning. This being true, appellant could not confer jurisdiction, where none otherwise existed, by merely filing a cross-complaint. In reaching this conclusion we have not been unmindful of the provisions of §1078 Burns 1914, §1040 R. S. 1881, which confer certain rights on defendants in divorce proceedings; but this section cannot aid appellant, as it is evident that such rights only arise, where the plaintiff has taken the steps necessary to confer jurisdiction on the court to hear and determine the issues. We are therefore clearly

2. of the opinion, that the trial court was without any jurisdiction in this cause, and that the judgment rendered is void by reason of such fact. Where a court enters a judgment, which is void for want of jurisdiction, this court may assume jurisdiction on appeal for the purpose of setting such judgment aside. *Cushman* v. *Hussey* (1918), 187 Ind. 228, 118 N. E. 816. The judgment of the Wells Circuit Court is therefore reversed.