## CROWELL v. CROWELL.

[No. 12,008. Filed December 17, 1924.]

1. DIVORCE.—*Residence affidavit of plaintiff must substantially comply with statute.*—The statute (§1066 Burns 1914, §1031 R. S. 1881) requiring an applicant for divorce to file with his complaint an affidavit stating particularly the place, town, city or township in which he has resided for the two years last past is mandatory and must be substantially complied with in order to confer jurisdiction on the trial court. p. 282.

2. DIVORCE.—*Residence affidavit of plaintiff held insufficient as not stating with particularity residence for two years last past.*—An affidavit of plaintiff's residence to accompany his complaint for divorce which merely states that he has been a resident of a certain county "for more than two years immediately preceding" the date thereof does not comply with the statute (§1066 Burns 1914, §1031 R. S. 1881) which requires that the affidavit state "particularly the place, town, city or township in which he has resided for the last two years past." p. 282.

3. APPEAL.—*Appellate tribunal has jurisdiction of void judgment to set it aside.*—Where a court has rendered a judgment which is void for want of jurisdiction, an appellate tribunal may assume jurisdiction on appeal for the purpose of setting such judgment aside. p. 283.

From Franklin Circuit Court; *Cecil C. Tague,* Judge.

Action by Enoch Crowell against Irene Crowell for divorce. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Wiles, Springer & Roots* and *Andrew J. Ross,* for appellant.

MCMAHAN, J.—This is an appeal by appellant from a judgment against her in which appellee was granted a divorce. Appellant's motion for a new trial was overruled and this ruling is assigned as error. The specification of said motion relied on for a reversal is that the decision of the court is contrary to law.

In support of this contention, appellant contends that the court was without jurisdiction of the cause for the

reason that the affidavit of the residence of appellee filed with his complaint was not sufficient to confer jurisdiction on the trial court. The affidavit in question omitting the caption is as follows:

"Enoch Crowell being duly sworn upon his oath says he is the plaintiff in the above entitled cause and action for divorce. That he is a resident of Franklin County, Indiana, and has been for more than two (2) years immediately preceding this date. That by occupation he is a retired farmer."

Section 1066 Burns 1914, §1031 R. S. 1881, in so far as it affects this question is as follows: "And the plaintiff shall, with his petition, file with the clerk of the court an affidavit subscribed and sworn to by himself, in which he shall state the length of time he has been a resident of the state, and stating particularly the place, town, city or township in which he has resided for the last two years past, and stating his occupation, which shall be sworn to before the clerk of the court in which said complaint is filed."

This statute is mandatory and must be substantially complied with and must contain all the things required by the statute in order to confer jurisdiction on the trial court. The statement in the affidavit that appellee was and had been a resident of Franklin county, Indiana, for more than two years immediately preceding the date given in the jurat of the officer before whom the affidavit was made is not a compliance with the statute. The statute requires that the affidavit state "particularly the place, town, city or township" in which the plaintiff had resided for the last two years past. The statement that the plaintiff resided in Franklin county is not a statement of the place of residence as required by the statute. *Hoffman* v. *Hoffman* (1918), 67 Ind. App. 230; *Miller* v.

*Miller* (1914), 55 Ind. App. 644; *Smith* v. *Smith* (1916), 185 Ind. 75; *Wills* v. *Wills* (1911), 176 Ind. 631.

Where a court enters a judgment which is void for want of jurisdiction, this court may assume jurisdiction on appeal for the purpose of setting such judg-ment aside. *Foreman* v. *Foreman* (1921), 76 Ind. App. 83.

Judgment reversed, with directions to sustain the motion for a new trial, and to give appellee leave to file an amended affidavit if he so desires.