## CANAN *v.* CANAN.

[No. 13,374. Filed February 20, 1929.]

*Russell P. Kehoe* and *James L. Bottorff*, for appellant.

McMAHAN, P. J.—Action for divorce by Peter Canan, appellee herein, against Rose Canan, in which appellee was given a divorce and appellant awarded $250 alimony. Appellant's motion for a new trial was overruled, hence this appeal.

It is contended by appellant that the decision of the court is contrary to law inasmuch as the trial court was without jurisdiction for the reason that the affidavit of the residence of appellee filed with his complaint as required by §1097 Burns 1926, Acts 1873 p. 107, did not confer jurisdiction upon the court.

The affidavit filed with the complaint, after stating that the plaintiff then was and for more than two years last past had been a *bona fide* resident of the state and that he then was and for more than six months last past had been a *bona fide* resident of Clark county, stated that he then resided at "Seventh and Kentucky avenues in the City of Jeffersonville, Indiana."

Section 1097, *supra*, so far as it concerns the instant case, is as follows: "And the plaintiff shall, with his petition, file with the clerk of the court an affidavit, subscribed and sworn to by himself, in which he shall state the length of time he has been a resident of the state, and stating particularly the place, town, city or township in which he has resided for the last two years past, and stating his occupation, which shall be sworn to before the clerk of the court in which said complaint is filed."

In order to confer jurisdiction on the trial court, the provisions in this section must be substantially complied with. The statute requires that "the plaintiff shall" in the affidavit state "particularly the place, town, city or township" in which the plaintiff had resided for the last two years, and "his occupation" must likewise be stated in the affidavit. This statute is mandatory to the extent that it must at least be substantially complied with. The affidavit does not state the particular place or places of residence as required by the statute. *Crowell* v. *Crowell* (1924), 82 Ind. App. 281, 145 N. E. 780; *Hoffman* v. *Hoffman* (1918), 67 Ind. App. 230, 119 N. E. 18; *Miller* v. *Miller* (1914), 55 Ind. App. 644, 104 N. E. 588; *Smith* v. *Smith* (1916), 185 Ind. 75, 113 N. E. 296; *Wills* v. *Wills* (1911), 176 Ind. 631, 96 N. E. 763. The stating of the plaintiff's occupation is just as important as the other requirements of the affidavit. *Miller* v. *Miller, supra; Hoffman* v *Hoffman, supra.*

Where a court enters a judgment which is void for want of jurisdiction, this court may assume jurisdiction on appeal for the purpose of setting such judgment aside. *Crowell* v. *Crowell, supra*; *Foreman* v. *Foreman* (1921), 76 Ind. App. 83, 131 N. E. 419. Judgment reversed, with directions to sustain the mo-

tion for a new trial, and to give appellee leave to file an amended affidavit if he so desires.