## PAYNE *v.* PAYNE.

[No. 13,804. Filed January 9, 1930.]

*Frank A. Lorch* and *Stotsenburg, Weathers & Minton,* for appellant.

NEAL, P. J.—Appellee, plaintiff below, filed her petition for a divorce in the Clark Circuit Court. Her petition was not verified; neither did she file an affidavit as to her residence with her petition as provided by §1097 Burns 1926. She filed an application for a restraining order, and, in the application, made certain allegations as to her residence, which application was sworn to.

Upon the trial of the cause, a divorce was decreed to appellee. The error assigned is that the Clark Circuit Court had no jurisdiction to try and determine the cause.

The Supreme and Appellate Courts have repeatedly held that the affidavit of residence required by the statutes in a divorce proceeding is mandatory, and, when not filed, the trial court is without jurisdiction; and the filing of the affidavit cannot be waived by the parties. *Foreman* v. *Foreman* (1921), 76 Ind. App. 83, 131 N. E. 419; *Wills* v. *Wills* (1911), 176 Ind. 631, 96 N. E. 763; *Smith* v. *Smith* (1916), 185 Ind. 75, 113 N. E. 296.

Before the trial court had authority to entertain a petition for an interlocutory order as provided by §1109 Burns 1926, it was mandatory that a petition for a divorce be filed and that either the petition with proper allegations as to residence be sworn to or an affidavit be filed with the petition as required by §1097, *supra*, and as construed by the Supreme Court of Indiana. *Smith* v. *Smith, supra; Brown* v. *Brown* (1894), 138 Ind. 257, 37 N. E. 142; *Eastes* v. *Eastes* (1881), 79 Ind. 363.

Judgment reversed, with instructions to permit appellee to file affidavit as to her residence with her petition for divorce, if she so desires.