BARTLE *v.* WALSH CONSTRUCTION COMPANY.

[No. 14,409.   Filed March 11, 1932.]

*James L. Bottorff* and *Stotsenburg, Weathers & Minton*, for appellant.

*Jonas G. Howard*, for appellee.

NEAL, J.—Appellant seeks to recover compensation as a dependent by virtue of the death of Edward W. Bartle, who she alleged, was her husband. Appellee, by special answer in two paragraphs, alleged, in substance: That prior to 1928, plaintiff (appellant herein) filed in the Clark Circuit Court, on March 3, 1928, an action praying that she be granted a divorce from Edward W. Bartle; that thereafter, in pursuance to a summons issued by the clerk of the Clark Circuit Court, Edward W. Bartle was personally ordered to appear in the Clark Circuit Court on March 17, 1928; that thereafter, the cause came on for trial before the judge of the Clark Circuit Court, and the court, after hearing the evidence, on May 19, 1928, rendered a judgment in the words and figures as follows: "It is therefore considered and adjudged by the court that the bonds of

matrimony existing between plaintiff and defendant be, and they are hereby, dissolved, and that said plaintiff is hereby granted a divorce from said defendant. It is further considered and adjudged by the court that the plaintiff recover of said defendant her costs and charges paid, laid out and expended"; that no appeal was ever taken from the judgment, and the same was, on July 12, 1928, and is now, in full force and effect; that more than two years have elapsed since the rendition of the judgment, and that by virtue of the judgment, plaintiff ceased to be entitled to the support of Edward W. Bartle; that claimant was not dependent on Edward W. Bartle, either totally or partially, on July 12, 1928.

The finding of the Industrial Board may be summarized as follows: That, on July 12, 1928, one Edward Bartle was in the employ of the Walsh Construction Company (appellee herein), at an average weekly wage in excess of $30; and, on the above-named date, the employee received a personal injury by reason of an accident arising out of and in the course of his employment, which injury resulted in his death on the same day; that plaintiff filed her application for adjustment of compensation with the Industrial Board on July 6, 1930, claiming to be the wife and the sole partial dependent on the deceased for support; that plaintiff, Leona A. Bartle, and the deceased, Edward Bartle, were duly married on November 31, 1909, and lived together as husband and wife until February 28, 1928, at which time they separated and have not since lived or cohabited together as husband and wife (the board then found as a fact the several allegations contained in the special answer, all as heretofore set forth); that no children were born to the plaintiff and defendant (Edward W. Bartle), as a result of their marriage; that the plaintiff was not a dependent on the deceased

at the time of his injury and death within the meaning of the Indiana Workmen's Compensation Act.

The award followed the finding. The error assigned is that the award of the full board is contrary to law.

The evidence discloses that, at the time appellant as plaintiff instituted her suit for divorce in the Clark Circuit Court, she filed the following affidavit omitting caption: "Leona Bartle, being duly sworn upon her oath says that she is the plaintiff in the above entitled cause; that she is now and has been for two years last past a *bona fide* resident of the State of Indiana; and for six months last past has resided in the city of Jeffersonville, Clark County." The affidavit was subscribed and sworn to before a notary public.

Appellant, by an imposing array of authorities as hereinafter cited, presents the proposition that the Clark Circuit Court was without jurisdiction over the subject-matter of the divorce proceeding, there being no affidavit filed with the petition alleging the residence of the petitioner as required by law, therefore, its judgment is void. *Hetherington* v. *Hetherington* (1928), 200 Ind. 56, 160 N. E. 345; *Wills* v. *Wills* (1911), 176 Ind. 631, 96 N. E. 763; *Klepfer* v. *Klepfer* (1930), 173 N. E. (Ind.) 232; *Payne* v. *Payne* (1930), 90 Ind. App. 594, 169 N. E. 475; *Canan* v. *Canan* (1929), 88 Ind. App. 623, 165 N. E. 263.

The several defects in the affidavit are: (1) The length of time the petitioner had resided in the state does not appear therefrom; (2) the particular place, town, city or township at which the petitioner resided for the two years next preceding the filing of the petition is not shown; and (3) the occupation of the petitioner is not stated. See *Hoffman* v. *Hoffman* (1918), 67 Ind. App. 230, 119 N. E. 18; *Foreman* v. *Foreman* (1921), 76 Ind. App. 83, 131 N. E. 419; *Crowell* v. *Crowell* (1924), 82 Ind. App. 281, 145 N. E. 780. Ap-

pellant follows the several propositions as above set forth with the following: A statement of the occupation in the affidavit is as much an essential fact thereof as the other requirements, but was not shown by the affidavit in the cause at bar. *Miller* v. *Miller* (1914), 55 Ind. App. 644, 104 N. E. 588; *Canan* v. *Canan* (1929), 88 Ind. App. 623, 165 N. E. 263; that the judgment, being void, it may be attacked collaterally or otherwise and its effect declared in any court or under any circumstances in which presented, citing in support thereof *Lowery* v. *State Life Ins. Co.* (1899), 153 Ind. 100, 54 N. E. 442; *McCoy* v. *Able* (1891), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; *Huber* v. *Beck* (1892), 6 Ind. App. 47, 32 N. E. 1025; *Davis* v. *Davis* (1871), 36 Ind. 160; *Doctor* v. *Hartman* (1881), 74 Ind. 221; that the judgment dissolving the marital ties being void, the statute (Acts 1929 p. 536, ch. 172, §38) provides that the wife shall be conclusively presumed to be wholly dependent for support upon her husband when living with him at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time; that both the civil and criminal statutes impose upon the husband the responsibility of supporting his wife. See Acts 1913 p. 956, §1, being §2866 Burns 1926; Acts 1907 p. 160, §2, being §2869 Burns 1926; Acts 1915 p. 139, §1, being §2870 Burns 1926; Acts 1923 p. 190, §§ 10, 15 being §8752 Burns 1926; Acts 1915 p. 139, §5 being §2874 Burns 1926.

We are not called upon to determine whether the divorce proceedings were void or voidable. However, we are of the opinion and do hold that the appellant ██ herein, plaintiff in the divorce proceedings in the Clark Circuit Court, and who obtained the decree of divorce by invoking the jurisdiction of Clark Circuit Court, is estopped to and cannot, at this time, ask the court to declare void a decree of divorce obtained

at her instance and request and claim compensation because of the death of her former husband who, at the time of his death, was not contributing voluntarily or by order of court to her maintenance and support and give to the claimant compensation when she was not dependant upon decedent. See *Miltimore* v. *Miltimore* (1861), 50 Pa. 151; in re Morrison (1889), 52 Hun. (N. Y.) 102, 5 N. Y. Supp. 90; in re Swales (1901), 60 App. Div. 599, 70 N. Y. Supp. 220; *Ellis v. White* (1883), 61 Iowa 644, 17 N. W. 28; *Starbuck* v. *Starbuck* (1903), 173 N. Y. 503, 66 N. Y. 193, 93 Am. St. 631; *Johnson* v. *Johnson* (1913), 182 Ala. 376, 62 So. 706; *Gibson* v. *Gibson* (1913), 81 Misc. Rep. 508, 143 N. Y. Supp. 37; Note 3 A. L. R. 540-545.

Award affirmed.