## BOLAND *v.* BOLAND.

[No. 14,521.   Filed September 28, 1932.]

*Stotsenburg, Weathers & Minton,* for appellant.

*Chester S. Wentzell* and *Walter V. Bulleit,* for appellee.

CURTIS, J.—The appellee sued the appellant in the court below for a divorce.   Upon a trial being had a divorce was decreed the appellee and this appeal is from the judgment entered.   The appellant filed a motion for

a new trial in said cause, which was overruled, and an exception taken. The motion for a new trial is for the following causes: (1) The decision of the court is contrary to law; (2) the decision of the court is not sustained by sufficient evidence.

The errors relied upon for reversal, as shown by the appellant's brief, are: "First. The Floyd Circuit Court erred in overruling the appellant's motion for a new trial of said cause. Second. The Floyd Circuit Court was without jurisdiction of the subject matter of said cause. Third. The Floyd Circuit Court had no jurisdiction to try and determine said cause, for the reason there was not on file therein an affidavit of the appellee showing the length of time he had resided in the State of Indiana, and the particular place, town, city or township in which he had resided for the two years previous to the filing of the complaint. Fourth. The Floyd Circuit Court had no jurisdiction to try and determine said cause for the reason that the affidavit of residence of the appellee was so defective that the court did not acquire any jurisdiction to try said cause."

The complaint, omitting certain parts, is as follows:

"State of Indiana, ⎱ ss.
County of Floyd. ⎰ .

In the Floyd Circuit Court, January Term, 1931.

Maurice V. Boland

      vs.

Louise Mae Boland

The plaintiff complains of the defendant and says: That the plaintiff is and for more than two (2) years last past has been a bona fide resident of the State of Indiana, and for more than six months last past has been a bona fide resident of Floyd County, Indiana.

That the plaintiff and defendant were duly married on the 26th day of November, 1908, and have since lived together as man and wife until the 25th day of January,

1931, upon which date they separated and have not since lived nor cohabited together as man and wife. (Here follow allegations, which need not be set out in this opinion, as to the grounds for divorce and the care and custody of the children of the marriage.)

Wherefore, the plaintiff prays that the bonds of matrimony heretofore existing between these parties be dissolved; that he be granted an absolute divorce, and that he have the custody of said children and all proper relief."

With this complaint appellee filed an affidavit as follows:

"State of Indiana, }
County of Floyd. } ss.

In the Floyd Circuit Court, January Term, 1931.
Maurice V. Boland
     vs.
Louise Mae Boland.

Maurice V. Boland being duly sworn upon his oath says that he is and for more than two years last past, has been a bona fide resident of Floyd County, and the State of Indiana; that for more than ten years last past he has been a bona fide resident of and resided in the city of New Albany, Floyd County, Indiana, at number 1823 East Elm Street; that he is by occupation a shipping clerk.

Maurice V. Boland.

Subscribed and sworn to before me this the 27th day of January, 1931.

Willard G. Dieckmann,<br>Clerk Floyd Circuit Court.<br>By Mildred Thornton,<br>Deputy Clerk."

It is contended by the appellant that the affidavit of residence filed with the complaint failed to state how

long the plaintiff had resided in the State of Indiana, and that as a consequence the trial court lacked jurisdiction to try the case, and it is further contended that there was not on file in said cause an affidavit of the appellee (plaintiff) showing how long he had resided in the State of Indiana and the particular place or places where he had resided for the two years immediately preceding the filing of the complaint. Neither of these contentions are meritorious. It is to be noted that the complaint was filed on the 27th day of January, 1927, and that the affidavit in question was made on that same day and filed with the complaint. The said affidavit states specifically that Maurice V. Boland has for more than two years last past been a bona fide resident of Floyd County, Indiana, and that for more than ten years last past he has resided in the city of New Albany, Floyd County, Indiana, at 1823 East Elm Street, and that his occupation is shipping clerk.

Section 1097 Burns 1926 is as follows: "Divorce may be decreed by the superior and circuit courts of this state, on petition filed by any person who, at the time of the filing of such petition, is and shall have been a bona fide resident of the state for the last two years previous to the filing of the same, and a bona fide resident of the county at the time of and for at least six months immediately preceding the filing of such petition; which bona fide residence shall be duly proven by such petitioner to the satisfaction of the court trying the same by at least two witnesses who are resident freeholders and householders of the state. And the plaintiff shall, with his petition, file with the clerk of the court an affidavit subscribed and sworn to by himself, in which he shall state the length of time he has been a resident of the state and stating particularly the place, town, city or township in which he has resided for the last two years past, and stating his occupation, which

shall be sworn to before the clerk of the court in which said complaint is filed."

We recognize and adhere to the rule as announced in many of our decisions that this statute is mandatory and that in order to confer jurisdiction upon the trial court it must be substantially complied with.

Only a substantial compliance with the statute is necessary however. See *Canan* v. *Canan* (1929), 88 Ind. App. 623, 165 N. E. 263; *Crowell* v. *Crowell* (1924), 82 Ind. App. 281, 145 N. E. 780; *Miller* v. *Miller* (1914), 55 Ind. App. 644, 104 N. E. 588; *Stewart* v. *Stewart* (1902), 28 Ind. App. 378, 62 N. E. 1023; *Hoffman* v. *Hoffman* (1918), 67 Ind. App. 230, 119 N. E. 18. We also recognize and adhere to the rule that where a court enters a judgment which is void for want of jurisdiction, this court may assume jurisdiction, in a proper case upon appeal, for the purpose of setting aside such judgment. See *Crowell* v. *Crowell, supra; Canan* v. *Canan, supra; Cushman* v. *Hussey* (1918), 187 Ind. 228, 118 N. E. 816. But in the instant case, while the affidavit does not specifically state the length of time the plaintiff (appellee) has been a resident of the State of Indiana, it does specifically state that "for more than ten years last past he has been a bona fide resident of, and resided in, the city of New Albany, Floyd County, Indiana, at number 1823 East Elm Street."

The main purpose and intent of residence statutes in divorce proceedings is to permit the granting of divorces to bona fide residents only and to prevent non-residents from imposing upon the courts. *Wills* v. *Wills* (1911), 176 Ind. 631, 96 N. E. 763; *Eastes* v. *Eastes* (1881), 79 Ind. 363. The residence required by the statute is a bona fide residence in the state "for the last two years previous to the filing of the same (petition)" and a bona fide residence of the county "at the time of and for at least six months immediately preceding the filing of such

petition." The affidavit in the instant case shows a compliance with the above two requirements for more than ten years. The greater, of course, includes the lesser. We think the affidavit is in substantial compliance with the statute. See *Stewart* v. *Stewart, supra; Miller* v. *Miller, supra.*

The plaintiff in the court below was Maurice V. Boland and the affidavit which was filed with the complaint was made by Maurice V. Boland. The names are identical. There was no evidence that the Maurice V. Boland who made the affidavit was not one and the same person as the plaintiff. There is nothing whatever to indicate or suggest that the Maurice V. Boland who made the affidavit was a stranger to the litigation. In the absence of evidence to the contrary this court will presume that Maurice V. Boland, who was the plaintiff in the action, is the same Maurice V. Boland who made the affidavit. *Wire* v. *Heaston* (1854), 5 Ind. 539; *Aultman, Miller & Co.* v. *Timm* (1883), 93 Ind. 158; *Mode et al.* v. *Beasley et al.* (1895), 143 Ind. 306, 42 N. E. 727; 22 Corpus Juris, Sec. 32, p. 93; Jones, Evidence (3d ed.), Sec. 100, p. 130. We find no reversible error.

Judgment affirmed.