GARRARD *v.* DIXIE BEE MINING CORPORATION.

[No. 16,160. Filed April 18, 1938.]

*Orph M. Hall,* for appellant.

*Cooper, Royse, Gambill & Crawford,* for appellee.

Wood, J.—The appellant filed her application for an award of compensation with the Industrial Board, alleging that she was the surviving widow and the sole sur-

viving dependent of one Charles Garrard who died on June 1, 1935, as a result of personal injuries received by him on said date, by reason of an accident arising out of, and in the course of his employment by appellee.

A majority of the full Industrial Board entered an award denying appellant compensation and she appeals, assigning as error for reversal that the award of the full Industrial Board is contrary to law.

The evidence is not in serious conflict and may be summaraized as follows: On June 1, 1935, the appellee was a mining corporation engaged in the operation of a coal mine in this state; Charles Garrard was an employee of appellee; on that date he died, as the proximate result of personal injuries received by him by reason of an accident arising out of, and in the course of his employment; his average weekly wage was $23.17; on November 4, 1906, the appellant and Garrard were united in marriage, and they lived together as husband and wife until September 19, 1927, when they separated, and appellant brought suit in the Sullivan Circuit Court against her husband for a divorce; on December 3, 1927, the court granted Garrard a divorce from appellant on his cross-complaint filed in the action; by the terms of this decree of divorce, appellant was awarded alimony in the sum of $300, all personal property located in the home owned and occupied by the parties in the town of Farmersburg, Indiana, and the husband was required to convey all his interest in said house and lot to the appellant; this decree was fully complied with by the husband, Garrard, and the appellant accepted the benefits thereof; March 23, 1928, in proceedings had in the Sullivan Circuit Court, a guardian was appointed for appellant as a person incapable of caring for her estate because of improvidence; December 3, 1935, in proceedings had in the Sullivan Circuit Court, this guardianship was terminated; the de-

cree of divorce above referred to was in full force and effect and was never questioned in any manner whatsoever from the date of its rendition, on December 3, 1927, until May 27, 1937, when, by a judgment entered by the Sullivan Circuit Court, in a cause entitled, *"Mary A. Garrard* v. *Deloris Elizabeth Hammack, as administratrix of Charles Garrard, deceased, Deloris Elizabeth Hammack,"* said decree was set aside upon the ground that, at the time of its rendition, appellant was a person of unsound mind and it was therefore fraudulent and void and should be so adjudged; when appellant was informed of Garrard's death upon June 1, 1935, and was asked what her wishes were regarding the disposition of his body, she at that time stated that he was not her husband, and she gave no directions regarding the disposition of his body or arrangements for his burial and did not attend the funeral; appellant and Garrard never lived together as husband and wife after their separation in September, 1927, and, so far as the record shows, she was never dependent upon him for support after that date; appellant was confined in the insane hospital in Evansville for a period of two years, but between what dates does not appear from the evidence.

Sec. 40-1403 Burns 1933, §16414 Baldwin's 1934, provides in part as follows:

"The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

"(a) A wife upon a husband with whom she is living at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time. . . .

"In all other cases, questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death, and question of partial dependency shall be determined in like manner as of date of the injury."

Whether or not the divorce proceedings had in the

Sullivan Circuit Court were void or voidable and the effect of the decree of said court, setting them aside, are questions which it is not necessary for us to determine in the instant case, by virtue of the provisions of the section of the statute above set out. This record presents a situation making it the duty of the Industrial Board, to determine as a fact the question of the dependency of appellant, at the time of the death of Garrard. A majority of the Industrial Board found, from the evidence, as an ultimate fact, that the appellant was not a dependent of Garrard, at the time of his death, as contemplated by the Workmen's Compensation Act. The facts, as found by a majority of the Industrial Board, were sufficient to sustain the award, and the evidence is sufficient to sustain the finding of facts. Under well established rules, this court cannot disturb the finding of facts made by a majority of the Industrial Board. *Bartle* v. *Walsh Construction Co.* (1931), 94 Ind. App. 171, 180 N. E. 294; *Denning* v. *Star Publishing Co.* (1931), 94 Ind. App. 300, 180 N. E. 685.

The award is affirmed.