## SMITH *v.* SMITH.

[No. 23,004.    Filed June 9, 1916.]

1. DIVORCE.—*Affidavit of Residence.—Certification.—Sufficiency.—Statute.*—The affidavit of residence required in an action for divorce by §1066 Burns 1914, §1031 R. S. 1881, is insufficient where it is sworn to in another state and there has been a failure to comply with §498 Burns 1914, §475 R. S. 1881, requiring that before any affidavit taken in another state may be received it shall be certified to by the officer taking the same, under the seal of his office, and attested by the clerk of the county wherein the officer acts, and that such clerk shall certify that the officer is empowered to administer oaths and take affidavits.    p. 78.

2. DIVORCE.—*Jurisdiction.—Affidavit of Residence.—Sufficiency.—Statute.*—The question of the sufficiency of the affidavit of residence required in actions for divorce by §1066 Burns 1914, §1031 R. S. 1881, may be raised at any time during the proceedings, since such affidavit is jurisdictional and, under the statute, may not be waived.    p. 79.

3. NOTARIES.—*Authority to Administer Oaths.—Presumption.—Common Law.*—Since the common law, which presumably prevails in a foreign state, did not authorize a notary to administer oaths, it will not be presumed that a notary in such state has such authority.    p. 79.

4. DIVORCE.—*Jurisdiction.—Pleading.—Affidavits.—Statute.*—Section 476 Burns 1914, §460 R. S. 1881, providing that certificates or instruments purporting to be the official act of a notary public of any foreign state and purporting to be under the seal and signature of such notary public shall be received as presumptive evidence of the official character of such instruments and of the facts therein set forth, has no application to an affidavit of residence in an action for divorce sworn to in another state, which affidavit must be validated by a proper certificate showing the officer's authority to administer oaths and take affidavits, as required by §498 Burns 1914, §475 R. S. 1881.    p. 80.

From Wells Circuit Court; *William H. Eichhorn,* Judge.

Action by Adeline Smith against Joseph W. Smith. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1429 Burns 1914, Acts 1893 p. 29). *Reversed.*

*Heller, Sutton & Heller* and *Judson W. Teeple*, for appellant.

*C. L. Walters* and *L. C. Devoss*, for appellee.

Cox, C. J.—This was an action for divorce filed by appellee in the Adams Circuit Court. The venue was changed to the Wells Circuit Court, where there was a trial resulting in a judgment in favor of appellee, granting her a divorce, $6,000 alimony and $400 for attorney's fees.

The complaint charged cruel and inhuman treatment. No question is raised on the sufficiency of the complaint and it need not be set out here. The only question presented for review is that growing out of the affidavit of residence filed by appellee. It is claimed by appellant that there was no sufficient affidavit ever filed, and that such failure to file an affidavit, showing appellee's residence, was a failure to comply with the jurisdictional requirements in a divorce proceeding, and that therefore the trial court never had jurisdiction to try the cause. The affidavit in question which was filed with the complaint in attempted compliance with §1066 Burns 1914, §1031 R. S. 1881, was as follows:

"State of Indiana, Adams County, ss:
In the Adams Circuit Court, February Term, 1913.

Adeline Smith,
      *v.*      Complaint for Divorce.
Joseph W. Smith.

Cause No. 8484

Affidavit of Residence by Plaintiff.

Adeline Smith, being duly sworn, upon her oath deposes and says: That she is the plaintiff in the above entitled cause of action; that she has been a resident of the state of Indiana for sixty-five years last past, and that for two years last past she has been a resident

of Decatur, in said county and state, and has during said time resided at No. —— Mercer Avenue, Decatur, Indiana; that her occupation is that of a house wife.

Adeline Smith.

State of Michigan, Shiawassee County, ss:

Before me, Leon F. Minor, a notary public in and for said county and state, personally appears Adeline Smith, who, being by me first duly sworn, subscribed the foregoing affidavit is true as she verily believes, this 26th day of April, 1913.

Witness my hand and notarial seal,

Leon F. Minor,<br>Notary Public,<br>Shiawassee Co., Mich.

Leon F. Minor,
Notary Public,
Shiawassee Co., Mich.

My commission expires August 25, 1915."

The specific objection to the affidavit is that it is verified before a notary public in the state of Michigan, and is therefore not in compliance with the statute above referred to. The statute reads as follows: "Divorce may be decreed by the superior and circuit courts of this state, on petition filed by any person who, at the time of filing such petition, is and shall have been a bona fide resident of the state for the last two years previous to the filing of the same, and a bona fide resident of the county at the time of and for at least six months immediately preceding the filing of such petition; which bona fide residence shall be duly proven by such petitioner, to the satisfaction of the court trying the same, by at least two witnesses who are resident freeholders and householders of the state. And the plaintiff shall, with this petition, file with the clerk of the court an affidavit subscribed and sworn to by himself, in which he shall state the

length of time he has been a resident of the state, and stating particularly the place, town, city, or township in which he has resided for the last two years past, and stating his occupation, which shall be sworn to before the clerk of the court in which said complaint is filed."

It has been held that such an affidavit may be sworn to before a notary public in this state. *Brown* v. *Brown* (1894), 138 Ind. 257, 37 N. E. 142. But it is urged by appellant that because the affidavit was sworn to before a notary public in another state than Indiana, without compliance with the requirements of §498 Burns 1914, as to his power to take affidavits, it is of no effect as an affidavit. Section 498 Burns 1914, §475 R. S. 1881, provides: "When any affidavit is taken in another state, and certified by the officer or justice of the peace taking the same, under his hand and seal of office, if he have any such seal, and attested by the clerk of the circuit court or district court or court of common pleas of the county where such officer exercises the duties of his office, under the hand of the clerk and seal of his court, the clerk also certifying that the officer or justice of the peace is, by the law of said state, duly empowered to administer oaths and affirmations, and take affidavits, every such affidavit shall be deemed sufficiently authenticated, and may be received and used in any of the courts of this state."

There was no attempt by appellee to comply with the above statute. It is claimed, however, by appellee that the affidavit is sufficient when attacked for the first time in the appellate court, and that an affidavit should be placed on the same footing as an authentication of commercial docu-

ments.    With these contentions we cannot agree.
It has been held by this court that the affi-
2.    davit of residence required by §1066 Burns
1914, *supra*, is jurisdictional; that the statute
requiring it is mandatory, and that it cannot be
waived by either of the immediate parties to the
proceeding because of the concern of the public in
the marital relation.    This being so, the question
then could be raised at any stage of the proceeding.
*Wills* v. *Wills* (1911), 176 Ind. 631, 96 N. E. 763,
and cases cited.    If it should be conceded that the
jurisdictional affidavit in a divorce case can be
made out of the state at all before a notary of an-
other state, it certainly must be before a notary
authorized to take an affidavit, and his authority
must be made to appear, or it must be deemed no
affidavit at all.    A notary public had no such
authority at common law, and in the absence of
proof to the contrary it is presumed that the
3.    common law prevails in a foreign state.
It will not be presumed that a notary public
in the state of Michigan had authority to admin-
ister oaths.    There was no attempt at compliance
with the statute respecting such authority in foreign
jurisdictions.    *First Nat. Bank, etc.* v. *Mulford*
(1911), 48 Ind. App. 84, 95 N. E. 432; *Teutonia,
etc., Co.* v. *Turrell* (1897), 19 Ind. App. 469, 49
N. E. 852, 65 Am. St. 419; *Jackson* v. *State* (1903),
161 Ind. 36, 67 N. E. 690; *Midland Steel Co.* v.
*Citizens Nat. Bank* (1904), 34 Ind. App. 107, 72
N. E. 290.

It has been suggested that §476 Burns 1914,
§460 R. S. 1881, respecting notaries public of foreign
jurisdictions is applicable in this case.    That section
provides:    "Certificates or instruments, either
printed or written, purporting to be the official act
of a notary public of this state, of the District of

Columbia, or any other state or territory of the United States, and purporting to be under the seal and signature of such notary public, shall be received as presumptive evidence of the official character of such instruments and of the facts therein set forth.''

We cannot agree that this statute covers or attempts to cover such a situation as the one before us. It has reference only to such 4. certificates and instruments as purport to be "the official act of a notary public.'' This is but an enlargement of the well-known, common-law rule respecting the official acts of notaries in protesting commercial paper. In all such cases the notary appeared before the debtor and demanded payment of the claim in question, and on failure to receive such payment as demanded, wrote out on paper under his signature and seal the thing he had done. This written account of the demand and refusal to pay was admitted in evidence without further proof of either the facts therein narrated or the official character of the narrator. Thus the thing admitted in evidence was a narration of the very act done by the notary. It was exactly what he could have testified to had he been present at the trial. The statute enlarges the kind of act done by a notary that may be thus certified to. It does not, however, change the essential nature of the thing that may be thus certified to. It must still be the *act of the notary* and cannot be that of *some one else*. It is manifest that an affidavit is an act by the party making the affidavit. The only part of the entire proceeding that is the act of the notary is the jurat, but it is not the jurat that is the evidence sought to be admitted nor that is required by the statute. The section does not assume to give to a notary

of a foreign state a wider authority than the laws of his state would give him, or change the presumption that, in the absence of a certificate showing the contrary, the common-law measure of his authority there prevails.

It follows that the purported affidavit is insufficient either at common law or under the requirements of our statute, and that, because of the absence of a proper affidavit, the court below was without jurisdiction to try the case. *Wills* v. *Wills, supra.* Judgment reversed.

NOTE.—Reported in 113 N. E. 296. Authentication of an affidavit taken before foreign notary, 1 Ann. Cas. 544; 2 C. J. 335, 336; 2 Cyc 14, 15. See under (2) 12 L. R. A. (N. S.) 1197; 14 Cyc 663.