### STRECKER *v.* STRECKER.

[No. 12,394.   Filed December 22, 1926.   Rehearing denied March 29, 1927.]

1. DIVORCE.—*Amended affidavit of residence may be filed after answer and reply.*—In an action for divorce, the court properly permitted the plaintiff to file a substituted affidavit of residence after answer and reply had been filed.   p. 18.

2. DIVORCE.—*Demurrer to complaint not proper remedy for insufficient affidavit of plaintiff's residence.*—Insufficiency of affidavit of plaintiff's residence cannot be presented by demurrer to the complaint, as the want of jurisdiction because thereof would not appear on the face of the complaint.   p. 18.

3. NEW TRIAL.—*Motion for new trial precluded by motion in arrest of judgment.*—In civil cases, a motion for a new trial is not available after a motion in arrest of judgment has been filed, except for causes arising after filing of motion in arrest. p. 18.

From Cass Circuit Court; *David C. Arthur*, Special Judge.

Action by Lena Strecker against George Strecker for limited divorce, in which the defendant filed a cross-complaint.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*   By the court in banc.

*Jenkines & Jenkines*, for appellant.

*Rabb, Mahoney, Fansler & Douglass*, for appellee.

NICHOLS, J.—Action by appellee for limited divorce for a period of ten years and the custody of a minor son of appellant and appellee, and alimony in the sum of $100,000, $100 per month for the maintenance, support and education of said minor son, and for the payment of all costs of this proceeding, including appellee's attorneys' fees.

Appellant filed cross-complaint praying for a divorce and custody of said minor son, to which appellee answered in denial.

Appellant filed demurrer to the complaint, which was overruled. Thereupon, appellant answered in two paragraphs, the first a general denial and the second a plea of condonation. Reply in general denial. Thereafter, appellee filed petition for leave to file a substituted affidavit with her complaint, which was granted and a substituted affidavit filed over the objection of appellant.

Appellant then filed a demurrer to the complaint, which was overruled, and the answer and reply as theretofore were refiled.

There was a trial which resulted in a finding for appellee. Appellant's motion in arrest of judgment and for a new trial were respectively and successively overruled, after which judgment was rendered for appellee, from which this appeal.

The substantial question which appellant presents, and which was presented by the demurrer to the complaint and by motion in arrest of judgment, is as to whether the court erred in assuming jurisdiction of the case for the reason that there was no proper affidavit of residence filed with the complaint. It is also contended that the court erred in permitting appellee to file a substituted affidavit. But these questions have been so clearly decided against appellant's contention in *Eastes* v. *Eastes* (1881), 79 Ind. 363, that we need to give them but little consideration. In that case, the defendant entered a special appearance and filed a motion to quash the summons for the reason that there was no proper affidavit filed. The plaintiff responded to the motion by filing a motion for leave to file a substituted affidavit, which motion was sustained by the

court, and thereupon the plaintiff filed such substituted affidavit embracing therein the corrections suggested by the defendant's motion to quash summons.   It was held that such affidavit was sufficient, and that it was not error to permit it to be filed, the court saying:

"Manifestly, the legislative intent in the enactment of these provisions was to limit the operation of the statute to *bona fide* residents of the state, and to restrain and prevent the procurement of divorces by nonresidents, through fraud or imposition practiced on the courts.   Such substantial compliance with the terms of the statute as may be necessary to carry out and accomplish the purpose and intention of the Legislature, the courts should encourage and require; but we fail to see that any good result would or could be accomplished by giving these statutory provisions the literal or rigid construction which the appellant's counsel insists should be placed upon them.

"In the case now before us, there was certainly no error, prejudicial to the appellant's rights or interests, in the proceedings of the court, either in overruling his motion to quash the summons and dismiss the suit, or in permitting the appellee to file with her complaint a substituted affidavit.   In our opinion, any other action on the part of the court, under the circumstances of this case, would have been error so gross as to have amounted practically to a denial of justice.   The appellant's written motion to quash the summons, and dismiss the suit was correctly overruled."

That case has not been overruled; on the contrary it has been repeatedly cited with approval.   It determines the question of the jurisdiction of the court in 1-3. this case and of the court's right to permit the filing of substituted affidavit against appellant's contention.   Even if the affidavit had been insufficient, as it was, for that matter, at the time the demurrer was

NOVEMBER TERM, 1926.    19

filed and ruled on, the want of jurisdiction of the court for this reason could not be presented by demurrer to the complaint. Want of jurisdiction did not appear on the face of the complaint. For the same reason, want of jurisdiction could not be presented by a motion in arrest of judgment. This motion having been filed before the motion for a new trial, such motion for a new trial was not thereafter available to appellant except for causes arising after filing the motion in arrest. This rule of law has been often determined both by this court and the Supreme Court and is well established. Of the numerous cases so holding, we cite but two, to wit: *New Albany, etc., Mills Co.* v. *Senior* (1913), 53 Ind. App. 453, 101 N. E. 1025; *Conant* v. *First Nat. Bank, etc.* (1917), 186 Ind. 569, 117 N. E. 607.

Interlocutory orders for the allowance of attorneys' fees for defending this appeal, have been appealed to the Supreme Court. We therefore give them no consideration.

Judgment affirmed.