KLEPFER *v.* KLEPFER.

[No. 25,916.   Filed October 30, 1930.   Rehearing denied January 2, 1933.]

*Donald R. French*, for appellant.
*Shively, Gilmer & Arnold*, amici curiae.

MARTIN, J.—Appellee brought this action to obtain a divorce from appellant. The petition was answered by a general denial, trial was had and a judgment was rendered granting appellee a divorce, from which this appeal was taken. Among the errors relied upon is the assignment that the court had no jurisdiction over the subject matter of the action.

With the petition or complaint, which was filed January 15, 1929, appellee filed an affidavit concerning his residence and occupation. This affidavit was in the form required by statute (§7, ch. 43, Acts 1873, §1097 Burns 1926), and was sworn to before a notary public, but the date it was sworn to, December 14, 1928, was thirty-two days before the complaint was filed. The statute provides that such affidavit shall "state the length of time he has been a resident of the state, stating particularly the place, town, city or township in which he has resided for the last two years past, and stating his occupation, which shall be sworn to before the clerk of the court in which said complaint is filed.

It has been held that the execution of an affidavit before a notary public, instead of before the clerk of the court, is a substantial compliance with the statute and

sufficient, *Brown* v. *Brown* (1894), 138 Ind. 257, 37 N. E. 142, 143, but the execution of such an affidavit thirty-two days before the filing of the complaint does not state particularly the place, etc., in which he has resided for the last two years past. It fails to account for his residence for a period of more than a month, during which time he may have changed his residence.

The legislative intent of this statute was to limit its operation to *bona fide* residents, and to prevent non-residents from imposing upon the courts. *Wills* v. *Wills* (1911), 176 Ind. 631, 96 N. E. 763; *Eastes* v. *Eastes* (1881), 79 Ind. 364. Only a substantial compliance with the statute is necessary, *Miller* v. *Miller* (1914), 55 Ind. App. 644, 104 N. E. 588; *Stewart* v. *Stewart* (1902), 28 Ind. App. 378, 62 N. E. 1023, but "there is nothing in . . . any other case . . . that will justify a conclusion either that the courts have ever 'relaxed the requirement of the statute.'" *Hoffman* v. *Hoffman* (1918), 67 Ind. App. 230, 119 N. E. 18, 19. The affidavit here does not comply with the statute either literally or substantially.

Without the required affidavit the court acquired no jurisdiction of the case, *Smith* v. *Smith* (1916), 185 Ind. 75, 113 N. E. 296; *Hetherington* v. *Hetherington* (1928), 200 Ind. 56, 160 N. E. 345; *Hoffman* v. *Hoffman, supra; Foreman* v. *Foreman* (1921), 76 Ind. App. 83, 131 N. E. 419; *Crowell* v. *Crowell* (1924), 82 Ind. App. 281, 145 N. E. 700; *Payne* v. *Payne* (1930), 90 Ind. App. 594, 169 N. E. 475, and the judgment is therefore reversed and the cause is ordered dismissed. *Wills* v. *Wills, supra.*

Travis, J., dissents.

ON PETITION FOR REHEARING.

MARTIN, J.—Amici curiae have filed a petition for a rehearing in which they urgently insist that the law

as stated in the last sentence of the foregoing opinion be changed. They do not contend that the statement of law as made is not sustained by authority but say that such statement destroys "all presumptions in favor of jurisdiction by presumed amendment or evidence on the trial to supply the defect in the original affidavit, when no timely appeal is taken."

We can readily see the unfortunate results which might follow from cases in which the affidavits were insufficient and in which divorces were granted and no appeal taken. If such divorces are void for want of jurisdiction of the court to try them and the parties remarry the legitimacy of subsequent children and the validity of real estate titles might be unsettled for generations.

The first case to definitely announce that "the affidavit of residence . . . is *jurisdictional*" was *Smith* v. *Smith* (1916), 185 Ind. 75, 113 N. E. 296, 297. This holding has been followed in the later cases. (In some of the cases when it was held that the lower court had no jurisdiction and jurisdiction on appeal was exercised for the purpose of reversing the case, the appellate court has granted the plaintiff the right to amend his complaint. This is inconsistent with the view that the lower court never had jurisdiction.)

The requirement of §1097 Burns 1926 that an affidavit concerning his residence be filed by every petitioner with his complaint for divorce certainly is mandatory, and the failure to file the same is cause for reversal. *Wills* v. *Wills* (1911), 176 Ind. 631, 634, 96 N. E. 763. We are of the opinion, however, that both the Supreme and Appellate Courts have gone too far in holding that the affidavit of residence is "jurisdictional" and for that reason we hereby modify the statement made in the last sentence of the opinion.

Among the errors relied upon here is the assign-

ment that the court overruled appellant's motion for a new trial, wherein she alleged that the decision is not sustained by sufficient evidence and is contrary to law.

The facts proven at the trial are insufficient to meet the residence requirements of §1097 Burns 1926—particularly are they insufficient to show that appellee was a bona fide resident of Marion County at the time of, and for at least six months immediately preceding, the filing of his petition.

The appellee at the trial on June 19, 1929, in response to the question, "Where do you live?" testified that he lived with his mother in Noblesville (Hamilton County) and that he "went up there around the holidays, Christmas time (1928)." His divorce complaint was filed in Marion County on January 15, 1929 (accompanied by an affidavit of residence which had been executed on December 14, 1928). One of appellee's two witnesses, required by the statute and commonly known as residence witnesses, answered in the affirmative the following question: "Do you know of your own knowledge that he (appellee) has lived in Marion County, Indiana, six months prior to filing of this divorce January 15, 1929?" but on cross-examination testified that after appellee had left his wife in October he stayed with his sister, two doors north, until around Christmas time, *at which time the witness with his family moved away and that he had not seen appellee since Christmas time.* The other residence witness replied in the affirmative to a question propounded by appellee's counsel, in which question the required period of residence was included, but when he was cross-examined it was disclosed that he had never visited appellee's home and *did not know where either of the parties lived.* The witness had seen appellee in a business way, knew he had worked for a house painter probably three years before, and has seen

him on occasions since when appellee visited his (witness') shop.

Section 7, ch. 43, Acts 1873, §1097 Burns 1926 is as follows:

> "Divorce may be decreed by the superior and circuit courts of this state, on petition filed by any person who, at the time of the filing of such petition, is and shall have been a bona fide resident of the state for the last two years previous to the filing of the same, and a bona fide resident of the county at the time of and for at least six months immediately preceding the filing of such petition; which bona fide residence shall be duly proven by such petitioner, to the satisfaction of the court trying the same, by at least two witnesses who are resident freeholders and householders of the state. And the plaintiff shall, with his petition, file with the clerk of the court an affidavit, subscribed and sworn to by himself, in which he shall state the length of time he has been a resident of the state, and stating particularly the place, town, city or township in which he has resided for the last two years past, and stating his occupation, which shall be sworn to before the clerk of the court in which said complaint is filed."

No positive and affirmative showing was made in the manner required by this statute that appellee was "a bona fide resident of the state for the last two years previous to the filing of his petition" and no showing at all was made that he was "a bona fide resident of the county at the time of and for at least six months immediately preceding the filing of such petition."

The appellee did not allege in his affidavit of residence, nor did he prove at the trial, facts sufficient to meet the requirements of the statute. The judgment is reversed with directions to grant appellant's motion for a new trial, and with leave to appellee to amend his affidavit of residence as of the date the petition or complaint was filed.