## RITENOUR v. RITENOUR.

[No. 14,353.  Filed April 7, 1933.  Rehearing denied September 28, 1933.  Transfer denied March 5, 1934.]

*Edwin F. McCabe, Charles E. McCabe, Robert R. McCabe,* and *Edward McCabe,* for appellant.

*Harry N. Fine,* for appellee.

KIME, P. J.—Appellant has appealed from a judgment of divorce rendered against him in the Warren Circuit Court, which appeal presents for our determination the question of whether or not the trial court had jurisdiction over the subject matter of the action.

The facts, briefly stated, are as follows: On September 29th, 1930, appellant filed in the Warren Circuit Court his complaint for divorce against the appellee herein. The complaint, among other things, alleged that plaintiff "is now a bona fide resident of Warren County, Indiana, and has been such resident ever since he was born in 1892, and for the two years last past he has been such bona fide resident of Steuben

Township in said county, but not in any town, city or village." At the time of filing the complaint appellant also filed his affidavit as to residence and occupation, the language therein being substantially the same as that quoted above, and in addition thereto set forth his occupation. Said affidavit of residence was subscribed and sworn to on September 24th, 1930, or five days before said complaint was filed, which complaint was not verified. Summons was properly issued and served, and on October 18th, 1930, the day said summons was returnable, defendant filed her answer in general denial. On November 18th, 1930, defendant, pursuant to and in accordance with section 1109, Burns 1926 (§3-1216, Burns 1933, §923, Baldwin's 1934), filed her petition for relief pending said action for divorce, which relief was by the court granted. On January 5, 1931, defendant filed her cross-complaint and on the following day plaintiff filed an answer in general denial thereto.

On the issues thus formed, said cause was submitted to the court for trial on March 6th, 1931, and after hearing the evidence and arguments of counsel, said cause was by the court taken under advisement.

On March 12th, 1931, the plaintiff moved the court to dismiss the cause of action stated in his complaint, and on March 13th, 1931, the court sustained said motion and made and entered the following order: "It is ordered and adjudged that the alleged cause of action stated in plaintiff's complaint is dismissed, and that said cause of action is dismissed without prejudice to the cause of action stated in the cross-complaint."

On March 18th, 1931, the court announced and entered its finding and judgment, granting the cross-complainant, appellee herein, a divorce from the appellant, alimony, and attorney's fees.

Within the time allowed by law the appellant filed his motion for a new trial, which was overruled, after

which appellant filed his motion to set aside the judgment of divorce, which was likewise overruled. Appellant has assigned as error in this court, the action of the court in overruling both of the above mentioned motions, and that the Warren Circuit Court erred in continuing to exercise jurisdiction of said cause after the appellant dismissed his complaint, for the reason that there was no affidavit as to the residence of the cross-complainant filed with her said cross-complaint, nor was her cross-complaint verified, nor did it make any allegation concerning the residence of the plaintiff, who by virtue of this appeal is the appellant herein.

In an action for divorce, under section 1097, Burns Ann. St. 1926 (§3-1203, Burns Ind. Stat. Ann. 1933, §904, Baldwin's Ind. Ann. Stat. 1934), it is mandatory that a showing of residence and occupation be made in order to confer jurisdiction upon the trial court. *Wills* v. *Wills* (1911), 176 Ind. 631, 96 N. E. 763; *Smith* v. *Smith* (1916), 185 Ind. 75, 113 N. E. 296; *Hetherington* v. *Hetherington* (1928), 200 Ind. 56, 160 N. E. 345; *Eastes* v. *Eastes* (1881), 79 Ind. 364.

Compliance with section 1097, Burns Ann. St. 1926, may be made by means of an affidavit filed with the petition, or the necessary allegations may be incorporated into the petition. *Hoffman* v. *Hoffman* (1918), 67 Ind. App. 230, 119 N. E. 18; *Miller* v. *Miller* (1914), 55 Ind. App. 644, 104 N. E. 588. In the latter case the petition or complaint must be verified in order to satisfy the requirements of said section 1097, Burns Ann. St. 1926. Although this court has approved the latter method, we believe the filing of a separate affidavit to be the better practice and more nearly in compliance with the purpose and meaning of the statute.

In the case at bar, as we have heretofore stated, the petition or complaint of the cross-complainant was not

verified, and appellant challenges the sufficiency of his affidavit of residence filed with his complaint for the purpose of questioning the jurisdiction of the court over the subject matter of the action.

It is also urged by appellant that where a complaint for divorce has been dismissed, such dismissal carries out of court the case in its entirety; and that thereafter the court has no jurisdiction to render a decree of divorce on a cross-petition which does not comply with the statutory regulations applicable to a case on an original petition. Appellant in support of this contention cites section 1102 Burns Ann. St. 1926, §3-1209, Burns Ind. Stat. Ann. 1933, §921, Baldwin's Ind. Ann. Stat. 1934, which reads as follows:

> "Cross-petition and proceedings thereon.—In addition to an answer, the defendant may file a cross-petition for divorce; and when filed, the court shall decree the divorce to the party legally entitled thereto. If the original petition be dismissed after the filing of the cross-petition the defendant may proceed to the trial of the cross-petition without further notice to the adverse party; and the case upon such cross-petition shall in all things be governed by the same rules applicable to a case on an original petition."

Appellee cites the case of *Jenness* v. *Jenness* (1865), 24 Ind. 355, wherein it was held that the defendant in an action for divorce did not have to be a resident of this state in order to file a cross-petition and obtain the affirmative relief authorized by the statute.

It is appellant's contention that the language of section 1102, *supra*, requires that the cross-petition be accompanied by an affidavit of the cross-petitioner setting out his or her residence, and that the effect would be to deny a cross-petitioner a divorce unless the cross-petitioner had been a resident of the State of Indiana for two years and of the county for six months. To place such a construction upon the

statute, we think would be unreasonable and unjust. Section 1102, *supra*, was not enacted until 1873, whereas the case of *Jenness* v. *Jenness, supra*, was decided in 1865, and does not therefore contain a construction of the statute now under consideration. It does, however, establish a definite principle of law, which we cannot disregard in construing said statute in the manner in which we do. We do not think the legislature, by the enactment of section 1102, *supra*, intended to preclude a non-resident from obtaining that relief to which she is entitled, after having been forced into court at the instance of the adverse party. We are constrained from placing a construction upon section 1102, *supra*, that might place an innocent non-resident defendant at the mercy or the whims of an unscrupulous litigant. Generally, statutes making residence of plaintiff a prerequisite to the exercise of divorce jurisdiction do not preclude a non-resident defendant from filing a cross bill and obtaining a decree of divorce against plaintiff, provided plaintiff has resided in the jurisdiction the requisite time. Nor will a non-resident defendant be deprived of his right to relief on a cross bill by a dismissal or discontinuance of the original petition. 19 C. J. Sec. 38, p. 27.

In *Jenness* v. *Jenness, supra*, the court said: "Thus while our statute is intended to prevent non-residents from making use of our courts to perpetrate frauds upon their unsuspecting wives or husbands, by coming here to petition for divorces, it, at the same time, arms them with every weapon of defense which is afforded to our own people when brought into court at the suit of those whose bona fide residence gives us jurisdiction." We think this language is quite applicable to section 1102, supra, and hold that the word case as used therein has reference to

the proceedings or trial of the cause, and not to the pleadings.

In addition to what we have already said concerning appellant's contention that the dismissal by him of his complaint carried out of the case everything pertaining to it, we quote with approval section 201 of 9 R. C. L. p. 404: "And it has been held that the abandonment or dismissal of the original bill or petition does not oust the court of jurisdiction to grant a divorce to the non-resident cross-petitioner. The jurisdiction of the Court to entertain a cross bill by a non-resident defendant is based on the familiar principle that a court of equity having acquired jurisdiction of the parties and of the subject matter of the suit will retain and exercise such jurisdiction until the equity of all the parties are meted out to them."

That which we have said in discussing the propositions of law involved herein, is not to be so construed as to dispense with the proof of residence of the moving party at the trial of the cause, as required by section 1097, *supra*. In the event of a dismissal by plaintiff before trial, the burden of such proof falls upon the cross-complainant.

In the absence of any record to the contrary we must assume that the appellee (cross-complainant) proved the residence of the appellant to the satisfaction of the court as required by the statute. Thus appellant's contention that the dismissal of the original complaint carries out of court the case in its entirety cannot prevail.

The General Assembly of 1933 has changed much of the divorce procedure. Acts of 1933, Chapter 241, app. March 11, 1933, §3-1203, Burns 1933, §§904, 905, Baldwin's 1934. This act, which carried an emergency clause, validated all divorce judgments wherein the complaint was not filed on the same

day the affidavit of residence was made. The section reads as follows:

"Sec. 2. No judgment made and entered in any divorce case in which the complaint was not filed on the same day that the affidavit of residence of the plaintiff was made, or in which the affidavit was subscribed and sworn to before an officer of this state authorized to administer oaths, other than the clerk of the circuit court, shall be invalid for that reason or for either such reasons, but such judgments so made and entered are hereby legalized and rendered valid and binding."

Hence the judgment rendered herein is now valid and no available error having been shown the judgment of the Warren Circuit Court is affirmed and it is so ordered.