PASSMORE *v.* PASSMORE.

[No. 14,450. Filed May 19, 1933. Rehearing denied September 28, 1933.]

*John H. Kiplinger* and *Jean R. Kiplinger,* for appellant.

*Chauncey W. Duncan,* for appellee.

KIME, P. J.—This was an action for divorce instituted by appellee against appellant. The affidavit of residence, as required by Section 1097, Burns Ann. St. 1926 (§904, Baldwin's Ind. Ann. Stat. 1934), was filed with the complaint, and appeared, on its face, to comply with the statute, *supra,* in every detail. The cause was submitted to the court for trial on March 14, 1931, and after evidence was heard, the court took same under advisement. While so pending, on the 17th day of March, 1931, appellee filed a petition with the court

asking that she be authorized to file an amended affidavit of residence for the reason that she desired to state same more particularly. This petition was granted over the objection and exception of appellant.

At the trial of this cause it was disclosed by the evidence that appellee, at the time the original affidavit was made, was not in Rush County, but was in Washington County, Indiana; that she had previously signed the affidavit and mailed same to the Notary at Rushville, Indiana; that she then called said Notary (who was at the time in Rush County, Indiana) on the telephone and swore to the affidavit in question. On April 18, 1931, the court rendered judgment in favor of appellee, granting her a divorce. Appellant filed a motion for a new trial, which was overruled; hence this appeal.

It is appellant's contention that the affidavit of residence herein is void and a mere nullity for the reason that the act of the appellee in attempting to swear over the telephone did not constitute such a swearing as is required by the statute, and, if the original affidavit was void, there was nothing to amend and therefore an amended affidavit could not be filed.

This contention has some merit, but the action of this court in *Hoffman* v. *Hoffman* (1918), 67 Ind. App. 230, 119 N. E. 18, wherein the mandate was that the appellee be permitted to file an amended affidavit, and the mandate of the Supreme Court in *Klepfer* v. *Klepfer* (1933), 204 Ind. 301, 173 N. E. 232, as modified in 183 N. E. 797, which specifically gave leave to appellee to amend his affidavit of residence, overcomes such contention, and lays down a course of procedure which this court feels bound to follow. The body of the opinion in *Klepfer* v. *Klepfer* might seem to criticize this practice, but the mandate expressly approves it. In the instant case the court allowed the amended affidavit to be filed and then granted the divorce on the merits. From the man-

dates in the two above cases it is established that this practice is the law and has been followed by both of our appellate courts, and appellant has cited no reason why it should not be so followed in this case.

Finding no reversible error, the judgment of the Rush Circuit Court is in all things affirmed, and it is so ordered.

Bridwell, J., dissents.