## Moss *v.* Moss.

[No. 26,142. Filed October 30, 1935.]

*James R. Cauble* and *J. M. Johns,* for appellant.

*Miller & Causey* and *Herbert R. Criss,* for appellee.

TREMAIN, J.—This action was filed by the appellee, on the 16th day of February, 1931, to obtain a divorce from the appellant and to secure the custody of their infant son. The court granted the divorce and awarded the custody of the child to appellee on October 16, 1931.

The appellee's affidavit of residence was filed with his complaint, and alleged "that he is now and has been for more than two years last past a bona fide resident of the State of Indiana and for more than six months last past has been a bona fide resident of said Vigo county. That his occupation is laborer."

On September 22, 1931, over the objections and exceptions of appellant, the appellee filed a substitute affidavit of residence alleging, among other matters, that he has been a bona fide resident of Harrison township, Vigo county, Indiana, for eighteen years; that for one year last past he had resided at 311 Voorhees street in the city of Terre Haute, said county, and for one year prior thereto had resided at 2509 South Seventh street in said city. Further specific allegations as to his residence and occupation are made. The affidavit contains all, and more than, the statute requires.

By various exceptions and assignments the appellant has presented to this court the alleged error of the trial court in permitting the substituted affidavit of residence to be filed. It is appellant's contention that the residence affidavit described in section 1097, Burns 1926,

§3-1203, Burns 1933, §904, Baldwin's 1934, must contain all matters therein mentioned, and must be filed at the time and with the complaint; that the statute is mandatory; that the substituted affidavit is not permissible; and finally that the trial court was without jurisdiction to try the cause for the reason that the original residence affidavit was insufficient and could not be amended or substituted.

The truth of the allegations contained in the substituted affidavit of residence is not questioned. They are established by the proof. No fraud is charged, nor is there any showing that appellant was deceived in any manner by the allegations contained in either of the residence affidavits. She did not ask the court to require the appellee to make the original affidavit more specific and certain. The substitution was made voluntarily by appellee before the trial in ample time to afford appellant an opportunity to meet it.

It cannot be questioned that in the preparation of a residence affidavit there must be a substantial compliance with the statute. It is manifest that the statute is intended to limit divorce actions to persons who are bona fide residents of the state and to prevent non-residents, through fraud or improper practice, from imposing upon the courts. If the plaintiff in a divorce case is, in fact, a bona fide resident of the county and state, but has failed to comply specifically with the statute in the preparation of the residence affidavit, there can be no reason to deny him the right to file a substituted affidavit. The dismissal of a cause of action upon that ground alone would amount to a miscarriage of justice. There is no more reason to hold that this section of the statute should be more literally or rigidly construed than other sections of the code. This and the Appellate Court have recognized the right of the

plaintiff in a divorce case to file a substituted residence affidavit.

The first case to which attention has been called is *Eastes* v. *Eastes* (1881), 79 Ind. 363. This case is followed by *Strecker* v. *Strecker* (1927), 86 Ind. App. 16, 154 N. E. 503; and *Passmore* v. *Passmore* (1933), 97 Ind. App. 431, 185 N. E. 668. In the last case, the substituted or amended residence affidavit was not filed until three days after the trial and while the court held the case under advisement.

Upon the question of the residence affidavit being jurisdictional, this court in *Klepfer* v. *Klepfer* (1933), 204 Ind. 301, 183 N. E. 797, upon a petition for rehearing, stated that the first case to announce definitely that the affidavit of residence was jurisdictional was *Smith* v. *Smith* (1916), 185 Ind. 75, 113 N. E. 296. It was followed by other cases conforming to the same rule. The court then stated (p. 304) :

"We are of the opinion, however, that both the Supreme and Appellate Courts have gone too far in holding that the affidavit of residence is 'jurisdictional' and for that reason we hereby modify the statement made in the last sentence of the opinion."

The court was there referring to its original opinion in the Klepfer case.

Under the authorities cited, it is settled definitely that a substituted residence affidavit may be filed. In the case at bar the substituted affidavit was filed almost one month before the trial. No error is shown for a reversal of the cause.

Judgment affirmed.