## KLEPPE v. KLEPPE.

[No. 15,496. Filed May 4, 1937.]

Maurice T. Geckler, William A. Boyce and L. Russell Newgent, for appellant.

Lyman H. Rhoades and Henry Goett, for appellee.

LAYMON, J.—Appellee brought this action to obtain a divorce from appellant. The petition was answered by a general denial, trial was had, and a judgment was rendered granting appellee a divorce, from which this appeal was taken. There were several motions filed by appellant challenging the right and authority of the presiding judge to act as such. After the rendition of the judgment and within the time allowed by law appellant filed her motion for a new trial, which motion was overruled, and this appeal followed. Appellant assigns as error the overruling of her several motions, including the motion for a new trial. All of the errors as-

signed and relied upon either question the right and authority of the trial judge to act as such in the trial of said cause or challenge the sufficiency of the evidence to sustain the finding.

It affirmatively appears from the record that the judgment was entered in said cause on the 3rd day of October, 1934, wherein the trial court granted appellee a divorce from appellant, awarded the care and custody of their minor child to appellant, and made and entered an order requiring appellee to pay to the clerk of the court for the maintenance and support of the child the sum of $6.50 per week commencing on the 6th day of October, 1934, and continuing until further order of the court, said sums to be paid by the clerk to the appellant; that on the 30th day of October, 1934, appellant filed her motion for a new trial, which motion was overruled on the 28th day of December, 1934; that on January 16, 1935, the appellant filed her petition in said cause, praying a citation issue to the appellee, alleging contempt of court for failure to comply with the provisions of the judgment entered in said cause wherein appellee was ordered and directed to make certain payments for the support of the child, and alleging that appellee had not complied with the provisions of said judgment requiring him to pay certain sums for support of the child, and praying that a rule issue against appellee requiring him to appear and show cause why he should not be punished for contempt; that thereupon the court ordered the appellee to appear and show cause why he should not be punished for contempt in disobeying the provisions of the judgment; that on the 19th day of January, 1935, the parties appeared in person and by counsel, and the cause was submitted to the court on the citation for contempt; that evidence was heard by the court and the cause continued until Janu-

ary 24, 1935; that thereafter appellee filed an affidavit praying modification of the allowance contained in said judgment; and that on the 25th day of January, 1935, the court entered its finding and judgment to the effect that the order of allowance for the support and maintenance of the child be reduced and modified and that appellee continue to make such payments, as modified, until further order of the court.

By applying for and securing a citation to issue to appellee requiring him to appear and show cause why he should not be punished for contempt of court in failing to comply with the provisions of the judgment entered in the cause and procuring a hearing on such petition, it is evident that appellant impliedly recognized the validity of the judgment entered therein and acknowledged its binding force and effect. By thus acquiescing in the judgment and pursuing a course with reference thereto which was wholly inconsistent with the existence of a void or invalid judgment, appellant has waived her right to have the judgment reviewed by this court.

In the case of *Poffinbarger* v. *Sumner* (1917), 186 Ind. 597, 599, 117 N. E. 646, the court said:

> "It is well settled that a party to a judgment impliedly waives his right to appeal therefrom if he voluntarily acquiesces in or recognizes the validity of such judgment or otherwise takes a position which would be inconsistent on any theory other than the validity and binding force of the judgment. 3 C. J. 665; *Succession of Theriot* (1905), 114 La. 611, 38 South. 471; *Elwert* v. *Marley* (1909), 53 Ore. 591, 99 Pac. 887, 101 Pac. 671, 133 Am. St. 850; *Beard* v. *Hosier* (1914), 58 Ind. App. 14, 107 N. E. 558; *Manlove* v. *State* (1899), 153 Ind. 80, 53 N. E. 385."

Appellant, in her brief, under "Propositions and Authorities," for the first time contends that the lower

court was without jurisdiction over the subject-matter of the action, due to the alleged failure of appellee to file an affidavit of residence containing all of the essential facts required by the statute. Appellant did not challenge the sufficiency of this affidavit in the trial court in any manner, nor is the question of its sufficiency presented by an assignment of error. It has been held by the Supreme Court of this state that the affidavit of residence required by statute is not jurisdictional. *Klepfer* v. *Klepfer* (1932), 204 Ind. 301, 173 N. E. 232, 183 N. E. 797; *Moss* v. *Moss* (1935), 209 Ind. 12, 197 N. E. 894. The affidavit of residence not being jurisdictional, this court cannot assume jurisdiction on appeal for the purpose of determining the sufficiency of such affidavit, and, further, the question of its sufficiency is not properly before us.

In view of our conclusion that appellant has waived her right to have the judgment reviewed, the appeal is dismissed.