## EVANS v. EVANS

[No. 16,110. Filed November 7, 1939.]

*Benjamin F. Zieg,* for appellant.

*E. H. Baugh,* for appellee.

CURTIS, J.—This was as action brought by the appellee against the appellant for an absolute divorce and for the custody of the minor children of the parties. The appellant filed a cross-complaint also seeking an absolute divorce. In addition, she sought

alimony and the custody of the said children. We are not advised as to what, if any, additional pleadings were filed by way of answer or reply. It is certain, however, that the sufficiency of the complaint was not in any manner questioned by the appellant until she filed her motion for a new trial. The only cause or ground of the motion presented here is that the decision of the court is contrary to law. Pending the litigation, the court upon the petition of the appellant entered orders restraining the appellee from disposing of his property and for a temporary allowance in her favor.

The cause was submitted to the court for trial, resulting in a finding, decree and judgment for the appellee on his complaint and against the appellant on her cross-complaint. The appellant filed a motion to set aside the above action of the court which was overruled, but no question as to this ruling is brought forward in the appellant's brief. Then followed the appellant's motion for a new trial which was likewise overruled with an exception. This appeal was then prayed and perfected. The assignment of error in this court contains three specifications, but only the ruling on the motion for a new trial is relied upon by the appellant. This motion contained 16 causes or grounds, but the appellant by her failure to discuss in her brief has waived all except the one cause or ground heretofore mentioned that the decision of the court is contrary to law.

The appellee's complaint was verified. Omitting formal parts it is as follows:—

## "COMPLAINT FOR DIVORCE

"Clarence F. Evans, being duly sworn, on his oath says that he is plaintiff in the above entitled cause, that he is now, and has been for more than

one year last past, a bona fide resident of Vanderburgh County, State of Indiana;

"That he and the defendant were married on the 20th day of October, 1925, and separated on the 23rd day of December, 1936; that they have as the result of this marriage, three children, Samuel, age 4 years; Nancy May, age 6 years; and Charles, age 11 years;

"That the plaintiff and defendant are the owners of the following property;

"77 acres on R. R. 4 Box 530, Evansville, Indiana

1400 Catherine Street

1405 Nester Street

1425 Nester Street.

"That the defendant has been guilty of cruel and inhuman treatment towards this plaintiff;

"Wherefore, the plaintiff prays for an absolute divorce of and from the defendant, for the care and custody of Samuel Evans, 4 years; Nancy May Evans, age 6 years; Betty Evans, age 12 years and Ethel Evans age 13 years.

(signed) CLARENCE F. EVANS

"Subscribed and sworn to before me this 24th day of Dec. 1936.

(signed) EMMANUEL H. BAUGH

(SEAL)                    Notary Public

"My Commission expires Feb. 8, 1940."

It is to be noted that the complaint is verified, but that there is no additional affidavit filed with it. It has been held, however, that a complaint under oath containing the necessary allegations as to residence and occupation satisfies the statute in that regard. *Stewart* v. *Stewart* (1902), 28 Ind. App. 378, 62 N. E. 1023; *Hoffman* v. *Hoffman* (1918), 67 Ind. App. 230, 119 N.E. 18; *Ritenour* v. *Ritenour* (1934), 98 Ind. App. 283, 185 N. E. 165.

The statute, being § 3-1203 Burns R. S. 1933,

§ 904 Baldwin's 1934, among other things provides as follows:—

". . . And the plaintiff shall, with his petition, file with the clerk of the court, an affidavit subscribed and sworn to by himself, in which he shall state the length of time he has been a resident of the state; and stating particularly the place, town, city or township in which he has resided for the year last past; and stating his occupation, which shall be subscribed and sworn to before any officer of this state who is authorized to administer oaths, at any time within five (5) days prior to the date on which the complaint is filed and the filing of the same separately or as a part of the complaint with the clerk of the court shall be deemed a sufficient filing without any order-book entry made thereon."

It is appellant's contention that the said verified complaint of the appellee herein does not satisfy the said statute and this is the controlling question presented for our determination. The appellant's contention is that the trial court did not have jurisdiction by reason of the faulty and incomplete allegations as to residence and occupation in the appellee's (plaintiff's) complaint.

In support of the judgment herein, the appellee relies upon three recent cases, to-wit: *Kleppe* v. *Kleppe* (1937), 103 Ind. App. 405, 8 N.E. (2d) 93; *Klepfer* v. *Klepfer* (1937), 204 Ind. 301, 173 N.E. 232, 183 N.E. 797; *Moss* v. *Moss* (1935), 209 Ind. 12, 197 N.E. 894. As tending to support the appellee's contention, we quote from the Klepfer case, supra, the following (p. 304):

"The first case to definitely announce that 'the affidavit of residence . . . . . is *jurisdictional*' was *Smith* v. *Smith* (1916), 185 Ind. 75, 113 N.E. 296, 297. This holding has been followed in the later

cases. (In some of the cases when it was held that the lower court had no jurisdiction and jurisdiction on appeal was exercised for the purpose of reversing the case, the Appellate Court has granted the plaintiff the right to amend his complaint. This is inconsistent with the view that the lower court never had jurisdiction.)

"The requirement of §1097 Burns 1926 that an affidavit concerning his residence be filed by every petitioner with his complaint for divorce certainly is mandatory, and the failure to file the same is cause for reversal. *Wills* v. *Wills* (1911) 176 Ind. 631, 634, 96 N.E. 763. We are of the opinion, however, that both the Supreme and Appellate Courts have gone too far in holding that the affidavit of residence is 'jurisdictional' and for that reason we hereby modify the statement made in the last sentence of the opinion."

In the Moss case, supra, the court said (p. 14):

"It cannot be questioned that in the preparation of a residence affidavit there must be a substantial compliance with the statute. It is manifest that the statute is intended to limit divorce actions to persons who are bona fide residents of the state and to prevent non-residents, through fraud or improper practice, from imposing upon the courts. If the plaintiff in a divorce case is, in fact, a bona fide resident of the county and state, but has failed to comply specifically with the statute in the preparation of the residence affidavit, there can be no reason to deny him the right to file a substituted affidavit. The dismissal of a cause of action upon that ground alone would amount to a miscarriage of justice. There is no more reason to hold that this section of the statute should be more literally or rigidly construed than other sections of the code. This and the Appellate Court have recognized the right of the plaintiff in a divorce case to file a substituted residence affidavit.

"The first case to which attention has been

called is *Eastes* v. *Eastes* (1881), 79 Ind. 363. This case is followed by *Strecker* v. *Strecker* (1927), 86 Ind. App. 16, 154 N.E. 503; and *Passmore* v. *Passmore* (1933), 97 Ind. App. 431, 185 N.E. 668. In the last case, the substituted or amended residence affidavit was not filed until three days after the trial and while the court held the case under advisement.

"Upon the question of the residence affidavit being jurisdictional, this court in *Klepfer* v. *Klepfer* (1933), 204 Ind. 301, 183 N.E. 797, upon a petition for rehearing, stated that the first case to announce definitely that the affidavit of residence was jurisdictional was *Smith* v. *Smith* (1916), 185 Ind. 75, 113 N.E. 296. It was followed by other cases conforming to the same rule. The court then stated (p. 304):

'We are of the opinion, however, that both the Supreme and Appellate Courts have gone too far in holding that the affidavit of residence is "jurisdictional" and for that reason we hereby modify the statement made in the last sentence of the opinion.'

"The court was there referring to its original opinion in the Klepfer case.

"Under the authorities cited, it is settled definitely that a substituted residence affidavit may be filed. In the case at bar the substituted affidavit was filed almost one month before the trial. No error is shown for a reversal of the cause."

In the instant case the verified complaint fails to contain any allegation as to the occupation of the appellee (plaintiff). But there is a strong intimation in both the Klepfer and Moss cases, supra, that the evidence may supply such defect. We quote from the Klepfer case as follows: "The appellee did not allege in his affidavit of residence *nor did he prove at the trial, facts, sufficient to meet the requirements of the statute.*" (Our italics.) In the instant case the trial

court in the written statement overruling the motion for a new trial, in effect stated that the proof showed that the parties had both lived for many years in the city of Evansville in the county where the case was filed and tried and that the appellee (plaintiff) had for the past fifteen years been employed in the Lincoln Cotton Mill in said city and that no fraud was perpetrated upon the court.

The appellant has made no attempt to bring the evidence before this court and we therefore indulge the presumption that it sustains the decision.

Section 2-3231 Burns 1933 § 505 Baldwin's 1934 provides as follows:

"DEFECT IN FORM NO GROUND FOR REVERSAL. No judgment shall be stayed or reversed, in whole or in part, by the Supreme Court, for any defect in form, variance or imperfection contained in the record, pleadings, process, entries, returns, or other proceedings therein, which, by law, might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court; or shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

In view of the above statute this court will deem the defects in the pleadings herein to be amended in this court.

The looseness and lack of care apparent in the drafting of the verified complaint herein however is not to be commended, lacking as it does the complete details as to residence and occupation necessary to satisfy the statute, yet the proof at the trial having supplied these defects, thus insuring that no fraud was perpetrated upon the trial court, it is our opinion that this court

will not find it necessary to reverse the judgment herein. But it is not the intention of this opinion to relax the rule that a substantial compliance with the statute is necessary as to the so-called residence affidavit.

Under the circumstances heretofore set forth it is our opinion that the judgment should be affirmed. Judgment affirmed.