## SMILEY v. SMILEY.

[No. 17,111. Filed November 4, 1943.]

139

*Moran & Abromson,* of Portland, for appellant.

*Robert L. Smith,* of Portland, for appellee.

DRAPER, J.—The appellant appeals from a judgment granting a divorce to the appellee and assigns as error the overruling of her motion for new trial which asserts that the decision of the court is not sustained by sufficient evidence and is contrary to law, and the overruling of appellant's demurrer to appellee's complaint.

In our consideration of the first assigned error we may consider only that evidence most favorable to appellee, *Wharton* v. *Wharton* (1941), 218 Ind. 345, 32 N. E. (2d) 695, and if that evidence is sufficient in law to sustain the decision of the trial court we are not at liberty to disturb it. The case at bar aptly illustrates the wisdom of the rule that this court may not weigh conflicting evidence, but will affirm the judgment if there is any evidence from which the trial court could reasonably have inferred the ultimate facts necessary to its decision, *Sostheim* v. *Sostheim* (1941), 218 Ind. 352, 32 N. E. (2d) 699, for from a reading of the transcript it would be utterly impossible for this court to ascertain the facts and fix the fault as between these parties. Only the trial court who saw and heard them testify is in a position to do so. Nor do we believe that it would be of advantage to anyone to narrate the evidence introduced to sustain appellee's allegations of cruel and inhuman treatment. We have carefully considered it in the light both of the rights of the parties involved and the interest of the public and have reached the conclusion that it is sufficient to support the decision of the trial court.

Our attention is directed to certain letters written by the appellee to the appellant after their separation in

an apparent attempt to effect a reconciliation. In these letters the appellee protests his love for the appellant and their child, disparages himself as a husband and expresses hope for a happier married life in the future, and it is insisted that these letters in and of themselves constitute admissions which preclude the granting of a divorce to the appellee. It is the law that where each of the married parties have committed a matrimonial offense which is a cause for divorce, so that each of them would be entitled thereto in the absence of his or her own misconduct, the court can grant a divorce to neither whether the offenses committed by them are the same or not. *McMurrey* v. *McMurrey* (1936), 210 Ind. 595, 4 N. E. (2d) 540. However, we have examined the admissions made in these letters with great care. None of them admit the commission of an offense which is a cause for divorce, and in fact they contain no admission of any specific misconduct of any kind. Such admissions should be and presumably were heard and weighed by the trial court along with other items of evidence, but none of them were sufficient in themselves to deprive the appellee of the relief prayed for.

Appellant's demurrer to the complaint, so far as it is urged here, is based upon the proposition that the appellant's original residence affidavit was sworn to more than five days prior to the date of the filing of the complaint. We also observe that this affidavit was sworn to, not before an officer of this State authorized to administer oaths, but before a Notary Public of the State of Texas, the appellee at the time being stationed there as a soldier. See § 3-1203, Burns' 1933. After the filing of appellant's demurrer, the appellee filed his substituted and supplemental residence affidavit, in form and substance in substantial

compliance with the statute, whereupon appellee's demurrer was overruled. While the requirement that plaintiff's residence affdavit be filed is mandatory, and failure to file it is cause for reversal, *Klepfer* v. *Klepfer* (1933), 204 Ind. 301, 173 N. E. 232, 183 N. E. 797, defects in the form or substance or manner or time of the filing of it may be cured by the proper filing of a sufficient substituted affidavit, *Passmore* v. *Passmore* (1933), 97 Ind. App. 431, 185 N. E. 668; *Moss* v. *Moss* (1935), 209 Ind. 12, 197 N. E. 894.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 51 N. E. (2d) 98.