PROUTY *v.* PROUTY.

[No. 18,054. Filed April 26, 1951.]

· *Roscoe D. Wheat* and *James W. Grimes,* both of Portland, for appellant.

*Wayne W. Hinkle, Robert L. Smith, Keith Fraser;* and *John A. Resler* (of counsel), all of Portland, for appellee.

BOWEN, P. J.—This is an appeal from a judgment in an action for divorce. The appellee filed a complaint for absolute divorce alleging certain acts of cruel and inhuman treatment. The issues were joined on appellant's answer in general denial. Cause was submitted and the evidence was heard. Thereafter, the appellee

orally moved the court to file an amended affidavit of residence which was granted, and the plaintiff filed a supplemental and substituted affidavit of residence. The court granted the appellee an absolute divorce from the defendant, but gave the custody of the daughter to the defendant and ordered plaintiff to pay for the support of the minor child of the parties and that defendant pay costs.

Errors assigned for reversal are that the trial court did not have jurisdiction of the subject-matter of the action and that the court erred in overruling appellant's motion for a new trial, the grounds of which motion are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

At the time of the filing of the complaint for divorce, an affidavit of residence was filed that recited that the appellee plaintiff was a member of the Armed Forces of the United States and that his residence at the time of his induction was with his parents in Jay County, Indiana.

The assignments of error question the residence affidavit on the ground that such affidavit was not proper under the requirements of § 3-1203, Burns' 1946 Replacement, relating to residence affidavits in divorce actions by members of the Armed Forces. The portion of the affidavit which is objected to is a jurat or oath which contains the statement that it was subscribed by the appellee before Richard F. Beverage 1 Lt. on the ground that the court cannot take judicial notice that the said Richard F. Beverage 1 Lt. is a commissioned officer of the Armed Forces of the United States, and that such affidavit does not comply with the conditions and provisions of the aforementioned statute.

The appellee's supplemental and substituted affidavit was sworn to before a Notary Public of Indiana and was entirely proper, and no question is presented as to

its validity and regularity. The appellant contends that the filing of a proper residence affidavit is jurisdictional, and that it was improper for the court to permit the filing of the substituted amended affidavit after the conclusion of the evidence.

The position taken by the appellant herein is no longer the law of this state. The Supreme Court in the case of *Klepfer* v. *Klepfer* (1933), 204 Ind. 301, 173 N. E. 232, as modified on petition for re-hearing in 183 N. E. 797, held that the statutory affidavit of the residence is not jurisdictional. Other cases supporting this rule are *Moss* v. *Moss* (1935), 209 Ind. 12, 197 N. E. 894; and *Smiley* v. *Smiley* (1943), 114 Ind. App. 138, 51 N. E. 2d 98.

This court held in *Passmore* v. *Passmore* (1933), 97 Ind. App. 431, 185 N. E. 668 that it was proper to file an amended residence affidavit after trial and while the court had the cause under advisement. There must be substantial compliance with the statute regarding the residence affidavit, since the purpose of such statutes are to limit divorce actions to persons who are bona fide residents of this state and to prevent non-residents from gaining, through fraud or other improper means, relief, illegally, in the courts of this state. In the instant case, the plaintiff proved his bona fide residence in the State of Indiana by qualified residence witnesses as provided by statute, and since the residence affidavit is not jurisdictional, there is no reason to deny him the right to file a substituted and amended affidavit after the evidence was heard and before final judgment. Therefore, the assignment of error that the court had no jurisdiction of the subject-matter, and that the decision of the court was therefore contrary to law is without merit, and the court had jurisdiction of the subject-matter in this cause.

Counsel for appellant in support of the motion for a new trial contended that the charges of cruel and inhuman treatment alleged in the complaint had not been established by the evidence, and further asserted that the decision is contrary to law on the ground that the evidence does not support the charges of cruel and inhuman treatment.

From the evidence it appears that the parties were married December 4, 1941. The appellant was still in high school and the appellee had graduated. A daughter was born to the parties on June 7, 1942. After such marriage of the parties, they did not maintain a home together, and the evidence shows that the appellee went from place to place, including Bluffton, Indiana, and Ypsilanti, Michigan, working and looking for work. The court found that the appellant and appellee were duly married on the 4th day of December, 1941, and lived together as husband and wife from the 25th of December, 1944, until the 2nd of January, 1945, and have not since lived nor cohabitated together. The evidence supports this finding, and the appellee concedes that any evidence to support the charges of cruel and inhuman treatment in the complaint must relate to conduct of the appellant during and following this period.

This court cannot weigh evidence, and we must determine whether there is evidence sufficient to support the charges of cruel and inhuman treatment of appellee by the appellant. There was evidence that the appellant made false charges and accusations of infidelity which caused appellee mental suffering and distress; that there was agitation between the parties, concerning which the court could have drawn the reasonable inference that it resulted in part, at least, from the misconduct of the appellant, and that appel-

lant falsely accused appellee's parents of interferring with the marriage which caused appellee mental suffering and distress. While this court might, if sitting as trier of the facts, have reached a different conclusion, the trial judge who saw and heard the evidence of the foregoing conduct of the appellant, upon such evidence, had the right to conclude that such marriage should be dissolved.

The cases announce the rule that unwarranted and unjustifiable conduct on the part of defendant which causes the other spouse to endure suffering and distress and thereby destroys peace of mind and makes living with such other spouse unbearable completely destroying the real purpose and objects of matrimony, constitutes such treatment as will justify the granting of a divorce on the ground of cruel and inhuman treatment, if the complaining party be without fault, although no physical acts of cruelty may have been inflicted. *Dickinson* v. *Dickinson* (1913), 54 Ind. App. 53, 102 N. E. 389; *Stephenson* v. *Stephenson* (1942), 112 Ind. App. 191, 44 N. E. 2d 208; *Wharton* v. *Wharton* (1941), 218 Ind. 345, 32 N. E. 2d 695; *Massey* v. *Massey* (1907), 40 Ind. App. 407, 80 N. E. 977, 81 N. E. 732.

The trial court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 2d 380.