STATE EX REL. BILLINGS *v.*
WHITE CIRCUIT COURT, RUSSELL GORDON, JUDGE.

[No. 30,687. Filed May 6, 1965. Rehearing denied October 25, 1965.]

*Sherwood Blue* and *Janet L. Roberts,* of Indianapolis, for relatrix.

*Charles R. Vaughan, Richard Donahue,* and *Cowger, Vaughan and Vaughan,* of Monticello, for respondents.

JACKSON, J.—This is an original action instituted by Barbara Ann Billings by way of a verified petition for a temporary writ of prohibition against the respondents herein restraining and prohibiting the respondent court and Judge from taking any action or exercising any jurisdiction over the person of this relatrix, and over any of the issues in said purported cause of action No. C-190-64 in the White Circuit Court. We issued the temporary writ.

The fact situation disclosed by the verified petition recites that on September 24, 1964, one Frederick Stewart Billings purported to commence an action for divorce against the relatrix in the White Circuit Court in cause No. C-190-64. Relatrix in her verified petition alleges that the record in said cause shows that no legal affidavit of residence and occupation was filed by the plaintiff with his complaint for divorce in accordance with the mandate of Acts 1873, ch. 43, & 7, as amended, being § 3-1203, Burns' 1963 Cum. Supp.; that not withstanding the absence of such affidavit, the respondents illegally ordered the issuance of summons, returnable October 9, 1964, which summons was thereafter illegally served upon the relatrix as the defendant in said purported cause of action.

Relatrix contends that the paper filed with the complaint and denominated "Affidavit of Residence" was not an affidavit subscribed and sworn to by such petitioner in that:

"a. It did not bear a notarial seal, whereby the purported notarial acts of witnessing and subscribing, and of swearing the signer, of the document were rendered void.

"b. It did not state the length of time that either the plaintiff or defendant had lived in the State of Indiana.

"c. It did not state the particular place, town, city, or township in which either the plaintiff or defendant had lived for the year immediately preceding September 24, 1964.

"d. It did not state the place of residence of either the plaintiff or the defendant on September 24, 1964.

"e. It did not state the occupation of the plaintiff."

That thereafter on October 9, 1964, relatrix by special appearance of counsel for her, attacked the alleged want of jurisdiction over the person of relatrix herein by a written motion to quash the issuance of summons in said purported cause of action, to quash the service of said summons, and to quash the Sheriff's return thereon. Thereafter, on November 2, 1964, the respondent court and Judge overruled the relatrix motion to quash, and entered a rule against the defendant (relatrix) requiring her to answer the complaint on or before November 12, 1964.

The plaintiff, Frederick Stewart Billings, on October 19, 1964, filed what was denominated an affidavit of residence as shown by exhibit A, page 17, of relatrix' petition.

On November 27, 1964, the respondents filed their verified return to the writ heretofore issued out of this Court alleging therein in substance that the White Circuit Court does have jurisdiction over the person of the defendant (relatrix), Barbara Ann Billings, in Cause No. C-190-64, alleging further that the issuance of the summons is proper, the return of the Sheriff of White County was proper and that said action for divorce was properly commenced in the White Circuit Court.

Such answer also alleges that the White Circuit Court did have jurisdiction over the person of the relatrix in said cause and prays that the temporary writ of prohibition heretofore issued by this Court be vacated and set aside and that the White Circuit Court be permitted to continue with the exercise of proper and lawful jurisdiction in cause No. C-190-64.

It appears that the question to be determined here is whether or not the White Circuit Court has in personam jurisdiction over the relatrix in view of the alleged inadequate affidavit of residence.

It is the position of the relatrix that no proper complaint was filed because the statutory requirements were not met. Respondents reply that since *Klepfer* v. *Klepfer* (1933), 204 Ind. 301, 183 N. E. 797, was decided, this court has consistently held that although a proper affidavit must be filed in order to sustain a divorce decree, the court trying the issues does not lose jurisdiction over the subject matter or the parties when an inadequate affidavit of residence is filed.

The case of *Moss* v. *Moss* (1935), 209 Ind. 12, 197 N. E. 894, is clearly on point on the issues raised in the case at bar. In that case this court held that it would be a miscarriage of justice to dismiss the action if the plaintiff were a resident of Indiana, but had not properly complied specifically with the statute in the preparation of the residence affidavit. The Court allowed the filing of a substitute affidavit. It is clear therefore that in Indiana the courts are permitted to retain jurisdiction over divorce actions when faulty affidavits are filed and are thereafter amended or superseded by proper affidavit.

The question of the sufficiency of the original and amended affidavits and jurisdiction of the court can be tested on appeal after the issues have been determined. The question of jurisdiction of the court over the person of the relatrix has heretofore been determined by this court in a matter inconsistent with the position taken by relatrix herein. *State ex rel. Martin* v. *Eby, Judge* (1947), 225 Ind. 283, 73 N. E. 2d 767.

The temporary writ heretofore issued is hereby dissolved, and a permanent writ denied for the reason that prohibition is not a proper remedy in the case at bar at this time.

Arterburn, C. J., Myers, Landis, and Achor, JJ., concur.

NOTE.—Reported in 206 N. E. 2d 609.